629 So.2d 1288 (1993)
COLCHONERIA JIRON, S.A.
v.
BLUMENTHAL PRINT WORKS, INC. and Blumenthal Mills, Inc.
No. 93-CA-0528.
Court of Appeal of Louisiana, Fourth Circuit.
December 16, 1993.
*1289 Edward M. Heller, Robert A. Kutcher, Nicole S. Tygier, Bronfin & Heller, New Orleans, for defendant/appellant.
Julian R. Murray, Jr., Romualdo Gonzalez, Esperanza Diaz Briscoe, New Orleans, for plaintiff/appellee.
Before BYRNES, WARD and PLOTKIN, JJ.
BYRNES, Judge.
Blumenthal Print Works, Inc. and Blumenthal Mills, Inc. (collectively Blumenthal) appeals the trial court's judgment vacating an arbitration award. We reverse.
In September 1989 Colchoneria Jiron, S.A. placed an order for mattress fabric (ticking) on open account with Blumenthal for delivery of 15,000 yards in multiple shipments to Costa Rica for Jiron's manufacture of mattresses.
In November 1989 Jiron received a shipment and paid $48,695.58. In February 1990 Jiron received a second shipment but refused to pay the invoice for $48,938.58 and asked for replacement or repair when Jiron claimed that the material was defective.
In September 1990 Jiron filed an action in Orleans Civil District Court seeking rescission of the sale of the mattress ticking and/or reduction of the price of the material. Noting that Blumenthal Print Works, Inc. and Blumenthal Mills, Inc. are Louisiana corporations having their principal place of business in the State of Louisiana and doing business in the State of Louisiana, the petition stated:
More specifically, plaintiff is entitled to recovery of the following, against the defendants, in solido, pursuant to La.C.C. Art. 1948, 1958, 2520, 2531, and/or 2545.
Blumenthal filed an exception of prematurity, claiming that a contract provided that any disputes would be brought to arbitration. The parties filed a joint motion to stay the proceedings pending arbitration, and the trial court granted a stay on February 19, 1991. The arbitration award of May 4, 1992 stated that the evidence did not establish that Blumenthal was at fault with regard to any defect alleged by Jiron.
On December 21, 1991 Jiron filed a motion to lift the stay and vacate the arbitration award while Blumenthal moved for confirmation. After a hearing by judgment dated January 14, 1993, the trial court vacated the arbitration award. Blumenthal's appeal followed.
On appeal Blumenthal contends that the trial court erred in finding that the arbitrators manifestly disregarded the law and Blumenthal asserts that the arbitrators merely misapplied the law, which cannot form a basis for vacating the arbitration award. Blumenthal also avers that Jiron failed to carry its burden of proof in a redhibition action because the record is devoid of evidence that an alleged defect pre-existed the sale of the ticking material. Arguing that Jiron erroneously claims that this court is held to a standard of review as to whether the trial court abused its discretion, Blumenthal asserts that it is entitled to a de novo review because the issue is not one of fact but addresses a question of law. Blumenthal contends that the record fails to show that the arbitrators were informed of the Louisiana law of redhibition and therefore they could not manifestly disregard the law. Although the arbitrators found that New York law and Worth Street Rules were not part of a binding contract between the parties, Blumenthal claims that the arbitrators were not bound by Louisiana law by the terms of the contract.
*1290 Because of strong public policy favoring arbitration, arbitration awards are presumed to be valid. National Tea Co. v. Richmond, 548 So.2d 930 (La.1989). It is well-settled in both state and federal courts that an award may be challenged only on the grounds specified in the applicable arbitration statute. City of Sulphur v. Southern Builders, Inc., 579 So.2d 1207 (La.App. 3 Cir.), writ denied 587 So.2d 699 (La.1991). That court found that statutorily appellant is not entitled to a de novo review. The district court's scope of review of an arbitration award is limited statutorily by LSA-R.S. 9:4210, which provides:
In any of the following cases the court in and for the parish wherein the award as made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
The first three sections do not apply in the present case.
Both Blumenthal and Jiron refer to the federal judicially created standard or analysis for vacating an arbitration award, i.e., the plaintiff has the burden of proof to show that the arbitrators manifestly disregarded the law on the face of the arbitration award. Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Intern., Ltd., 888 F.2d 260, 265 (2 Cir.1989). Under this manifest disregard standard, the plaintiff is required to show that the arbitrators understood and correctly stated the law but proceeded to ignore it. Siegel v. Titan Industrial Corp., 779 F.2d 891, 893 (2 Cir.1985). An arbitration award will not be vacated on the ground that the arbitrators misinterpreted applicable law. National R.R. Passenger Corp. v. Chesapeake & O. Ry. Co., 551 F.2d 136, 143 (7 Cir.1977).
In the case of In re Arbitration Between U.S. Turnkey Exploration Inc. and PSI, Inc., 577 So.2d 1131, 1134 (La.App. 1 Cir.), writ denied 580 So.2d 676 (La.1991), the Louisiana appellate court stated:
[Plaintiff] asserts that we should accept the judicially created theory of manifest disregard of the law which has been developed in the federal courts, as an additional ground for vacating an arbitration award. Manifest disregard of the law was explained in Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d 930, 933 (2d Cir.1986), as follows:
"Manifest disregard of the law" by arbitrators is a judicially-created ground for vacating their arbitration award, which was introduced by the Supreme Court in Wilko v. Swan, 346 U.S. 427, 436-37, 74 S.Ct. 182, 197-88, 98 L.Ed. 168 (1953). It is not to be found in the federal arbitration law. 9 U.S.C. Sec. 10. Although the bounds of this ground have never been defined, it clearly means more than error or misunderstanding with respect to the law. The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term "disregard" implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it. (Citations omitted.)
It appears that this theory has been previously accepted by Louisiana courts as set forth in I.D.C., Inc. v. Natchitoches Development Company, 482 So.2d 958, 960 (La.App. 3d Cir.1986), quoting Allen v. A & W Contractors, Inc., 433 So.2d 839 (La. App. 3d Cir.1983), writ denied, 438 So.2d 578 (La.1983).
[T]he award of the arbitrators cannot be set aside for errors of law or fact *1291 except where those errors are so gross as to suggest fraud, misconduct, bad faith, a failure to exercise honest judgment of the arbitrators, or where, in the case of an error of law, it clearly appears from a statement of the basis of the award that the arbitrators meant to decide the case according to law. (Emphasis added.)
LSA-R.S. 9:4210 is modeled on 9 U.S.C. Sec. 10. National Tea Co. v. Richmond, 548 So.2d at 932. While courts are statutorily limited to review arbitration awards, the federal judicial reasoning of the "manifest disregard analysis" may be considered to determine whether the arbitrators exceeded their powers or imperfectly executed them under LSA-R.S. 9:4210(D).
Without reaching the merits in the present case, the arbitrators recognized that the applicable law was that of Louisiana. The arbitrators' Order of September 16, 1991 stated that "Louisiana law applies unless there was an effective contract that New York law applies...." The arbitrators asked for copies of Louisiana law and stated, "The parties are requested to advise the panel whether there exists a relevant difference between New York and Louisiana law other than the deceptive trade practices act." In their award, the arbitrators declared that New York law and Worth Street Rules did not apply.
Under LSA-C.C. art. 2530, the buyer in a redhibition action may prove that the vice existed before the sale was made by showing that the product was not reasonably fit for its intended purpose. In other words, the buyer can show that the product was defective without being required to prove the exact or underlying cause for its malfunction. Rey v. Cuccia, 298 So.2d 840 (La.1974). When the action is against the manufacturer, proof need only be made that the defect occurred in the manufacture of the product. Beth Israel v. Bartley, 579 So.2d 1066 (La. App. 4 Cir.), writ denied 587 So.2d 696 (La. 1991).
In the case of In re Arbitration Between U.S. Turnkey Exploration Inc. and PSI, Inc., the appellate court found that the assertion that the arbitrators must have imposed the wrong burden of proof because they stated that evidence was "inconclusive" was merely speculation. That court noted:
... When the parties agree to arbitration, they are presumed to accept the risk of procedural and substantive mistakes of either fact or law. Therefore, the arbitration award is presumed to be valid unless an error charged to the arbitrators fits one of the statutorily described deficiencies. Errors of fact or law do not invalidate a fair and honest arbitration award.

In re Arbitration Between U.S. Turnkey Exploration Inc. and PSI, Inc., 577 So.2d at 1134.
In the present case the trial court found that the arbitrators subjected the plaintiff to a burden of proof not created by Louisiana law in the arbitration award. The arbitration award stated that Jiron "had the burden to prove by a preponderance of the evidence, that the latent defect which caused damage to it was the result of the fault of Blumenthal.... The preponderance of all the evidence taken together did not establish the fact that the defect was caused by [the] fault of Blumenthal." Although the arbitrators imposed a burden of proof which was contrary to Louisiana redhibition law by requiring the buyer to prove the defect, the cause of the defect, and the fault of the manufacturer/seller, the plaintiff did not show that the arbitrators ignored or manifestly disregarded the law. The arbitration award does not indicate that the arbitrators were aware of the different burden of proof under Louisiana redhibition law. The arbitrators misstated or misinterpreted the law. An error of the law does not invalidate the arbitration award. National Tea Co. v. Richmond. The plaintiff failed to prove that the award was defective on the grounds specified under LSA-R.S. 9:4210(D), i.e., that the arbitrators exceeded their powers or executed them so imperfectly that a mutual, final and definite award was not made.
Accordingly, the judgment of the trial court is reversed and the arbitration award is recognized and confirmed.
REVERSED.