# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 03-1721

LOUISIANA PHYSICIAN CORPORATION

VERSUS

LARRISON FAMILY HEALTH
CENTER, L.L.C, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2003-2211
HONORABLE BYRON HEBERT, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Sylvia R. Cooks and
Oswald A. Decuir, Judges.

**AFFIRMED.**

James L. Bullen
Strain, Dennis & Bates, L.L.P.
P.O. Box 53319
Lafayette, LA 70505-3319
(337) 237-5900
Counsel for Defendant/Appellee:
    Larrison Family Health Center, L.L.C.
    James C. Larrison, Jr., M.D.
    Sherlyn Bell Larrison, M.D.

S. Joseph Dupuis, Jr.
Jeff W. Elmore
Michael D. Hebert
Milling Benson Woodward L.L.P.
P. O. Box 51327
Lafayette, LA 70505-1327
(337) 232-3929
Counsel for Plaintiff/Appellant:
    Louisiana Physician Corporation

DECUIR, Judge.

Plaintiff, Louisiana Physician Corporation (LPC), and Defendant, Larrison Family Health Center, submitted to mandatory, binding arbitration a dispute concerning the billing and office management services provided by LPC under its contract with Larrison. The issue presented in this appeal is whether the trial court erred in granting a motion to confirm the arbitration award which assessed damages for LPC's breach of contract. In answer to the appeal, Larrison requests frivolous appeal damages. For the reasons which follow, we affirm and we deny the request for frivolous appeal damages.

The record before us contains only the seventeen-page detailed synopsis and award of the arbitrator. From that award, we have discerned the following facts. In 2000, Dr. James Larrison and Dr. Sherlyn Bell Larrison, husband and wife, moved to Louisiana to establish a rural family medicine clinic in the community of Pierre Part. They contracted with LPC for certain billing, training, and office management services for which they agreed to pay a $2,000.00 start up fee, plus a monthly fee of $3,000.00 or 7% of receivables for that month, whichever was greater. The contract provided that disputes would be resolved by arbitration according to the rules of the American Arbitration Association.

After several months, the Larrisons became concerned about the increasing age and amount of their receivables. When these issues were not satisfactorily resolved by LPC, Dr. Sherlyn Larrison, who was previously the office manager and accountant for a 12,000 acre farming enterprise the Larrisons owned, immersed herself in the billing records in an effort to figure out how the problems with the account could be solved. LPC refused to provide Larrison with all of the documentation pertinent to their account, but from what she had access to, Dr. Sherlyn Larrison discovered numerous mistakes, both intentional and unintentional, in the work performed by LPC. In fact, in proceedings before the arbitrator, she detailed 1,237 specific patient

2

errors which resulted in $104,023.00 in lost income and payments to patients to settle mistakes made on their accounts.

LPC chose to terminate its contract with Larrison Family Health Center after less than two years of service. Claiming it was owed almost $20,000.00 in fees, LPC filed this claim in arbitration. Larrison answered and reconvened for damages. In an effort to prove its case before the arbitrator, LPC presented the testimony of one of its managers, Marcel Bourgeois. He was not personally familiar with the Larrison account, but he testified the collection rate on the account was 76%, a figure at or above the national rate for family practice collections. Conversely, Larrison offered testimony from previous employees of LPC, all of whom had worked on the Larrison account, who detailed their own mistakes or the mistakes of co-employees. In short, the arbitrator determined Larrison proved LPC breached the contract and, as a result, suffered damages exceeding $100,000.00.

In confirming the award of the arbitrator, the trial court reasoned as follows:

> Matters involving the confirmation, vacation, or modification of arbitration awards are governed by La.R.S. 9:4201 et seq. The grounds for setting aside an arbitration award in whole or in part are specifically laid out in La.R.S. 9:4210 and 4211. Louisiana courts and federal courts routinely hold that absent the existence of one of the specified grounds for vacating an arbitration award, a reviewing court is prohibited from reviewing the merits of an arbitrator's decision. *Welch v. A.G. Edwards & Sons, Inc.,* 95-2085 (La.App. 4 Cir. 5/15/96), 677 So.2d 520, 523. Further, a reviewing court may not substitute its own conclusions for that of the arbitrator. *Allen v. A & W Contractors,* 433 So.2d 839, 841 (La.App. 3rd Cir.), writ denied, 438 So.2d 578 (La.1983).

> LPC has not raised any of the statutory grounds required to set aside or modify the arbitrator's award of April 7, 2003. There is one other basis that a litigant such as LPC may use to attack an arbitration award. "A manifest disregard of the law" by arbitrators is a judicially created ground for vacating an arbitration award and refers to error which is obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator. The doctrine implies that the arbitrator appreciates existence of clearly governing legal principle but decides to ignore or pay no attention to it. *Welch* v. *A. G. Edwards & Sons, Inc.,* 95-2085 (La.App. 4 Cir. 5/15/96), 677 So.2d 520,

524; citing *Colchoneria Jiron, S.A. v. Blumenthal Print Works, Inc.,* 629 So.2d 1288, 1290 (La.App. 4th Cir. 1993), writ denied, 94-0145 (La. 3/11/94); 634 So.2d 391. LPC's argument that the arbitrator chose to ignore the basic principle of freedom of contract has no merit. The arbitration award between the parties was a 17 page well-reasoned opinion that thoroughly considered every issue that is now raised by Louisiana Physicians Corporation to vacate or annul the award. The arbitrator carefully considered the relevant provisions of the contract between LPC and the Larrisons, reviewed the evidence, found that LPC had breached the contract, and awarded direct and specific damages [Footnote 1: Exhibit B, Award of Arbitrator, page 15] that were proven at trial.

LPC has advanced arguments that the damages awarded to the Larrisons by the arbitrator are speculative and uncertain, that LPC was entitled to a set off of $19,958.63, and that the Larrisons could have mitigated their damages by canceling the contract between the parties. [Footnote 2: The written award reveals that the arbitrator's findings were based on the fact that the Larrisons carried the burden of proof through extensive testimony and documents while LPC presented little or no contravening testimony or documentation, i.e. the results following the arbitration hearing were largely determined by the evidence and the burden of proof, not by interpretation of law or contract. *See* Exhibit B, p. 4-5.] These issues go to alleged errors of fact and law, which this Court cannot address absent the statutory grounds or a manifest disregard of the law. The parties agreed to arbitration, and by doing so they are presumed to have accepted the risk of procedural and substantive mistakes of either fact or law. *Montelepre v. Waring Architects,* 2000-0671 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127, citing, *In re Arbitration Between U.S. Turnkey Exploration, Inc. and PSI, Inc.,* 577 So.2d 1131 (La. App. 1 Cir. 1991)[,writ denied, 580 So.2d 676 (La. 1991)]. Therefore, even had the arbitrator made errors of fact or law, the result to LPC's petition to vacate and/or modify would be the same. Because of the strong public policy favoring arbitration, arbitration awards are presumed valid. Errors of fact or law do not invalidate an award. Arbitration is favored and an arbitration award is res judicata. Unless grounds for vacating, modifying or correcting the award are established, the award *must* be confirmed, and the burden of proof is on the party attacking the award. *Montelepre* v. *Waring Architects,* 2000-0671 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127 (emphasis added).

Considering the foregoing, the Court confirms the arbitration award that was rendered April 7, 2003, without modification or correction.

The trial court's decision was correct. LPC presented to the trial court no grounds for overturning the final and binding award of the arbitrator, and we are not

persuaded by the arguments presented herein. Manifest disregard of the law as a basis for setting aside an arbitration award has been described as a "conscious attempt to disregard Louisiana law." *Welch v. A.G.Edwards & Sons, Inc.,* 95-2085, p. 6 (La.App. 4 Cir. 5/15/96), 677 So.2d 520, 524. Under this definition, LPC falls far short of meeting its burden of proof in this case. LPC's complaints concerning alleged "performance standards" articulated by the arbitrator or his assessment and calculation of damages, even if valid, simply do not rise to the level of "manifest disregard of the law," as that term is understood in Louisiana law.

Accordingly, we affirm the trial court's judgment confirming the award of the arbitrator.

We address briefly Larrison's request for frivolous appeal damages. Larrison claims that LPC's appeal of the arbitration award and the trial court's judgment confirming that award was frivolous. Louisiana law provides that damages for frivolous appeal are allowed only when "it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious." *Parker v. Interstate Life & Accident Ins. Co.,* 248 La. 449, 179 So.2d 634, 636 (La.1965). Further, the Louisiana Supreme Court has explained that because appeals are favored, such damages are inappropriate unless the action is "unquestionably frivolous." *Hampton v. Greenfield,* 618 So.2d 859, 862 (La.1993). *See also, Fowler v. Bossano,* 01-357 (La.App. 3 Cir. 10/3/01), 797 So.2d 160. While LPC's issues for review may be substantively tenuous, there is no evidence this devolutive appeal was taken for delay or that counsel was insincere in his position. Consequently, we deny the request for frivolous appeal damages.

For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to Louisiana Physician Corporation.

**AFFIRMED.**