921 So.2d 1088 (2006)
ROBERT S. ROBERTSON, LTD. and Robert Stuart Corporation
v.
STATE FARM INSURANCE COMPANIES/STATE FARM FIRE AND CASUALTY COMPANIES.
No. 05-CA-435.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 2006.
*1089 Robert S. Robertson, Morgan City, LA, for Plaintiff/Appellant.
David K. Persons, Alayne R. Corcoran, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
The Plaintiffs, Robert S. Robertson, LTD and Robert Stuart Corporation, appeal from a trial court judgment in an arbitration case. The Defendant is State Farm Insurance Company. We vacate the judgment and remand the case to the arbitrator for clarification of the arbitration award as to damages. We confirm the award as to liability.
The Plaintiffs own three apartment complexes in Morgan City and Berwick, Louisiana which suffered roof damage from Hurricane Lili on October 2, 2002. The properties were insured by the Defendant, who denied coverage on the basis that the damage was not caused by the storm. Subsequently, the parties agreed to resolve their dispute through binding arbitration. Judge John W. Greene was selected as the sole arbitrator.
The arbitration hearing was held on February 10, 2004. Each party produced an expert on the cause of the loss of shingles on the apartment buildings, and the Plaintiff presented evidence on replacement costs. There is neither a transcript *1090 of the proceedings, nor a record of the arbitration proceedings.
On February 17, 2004, the arbitration judge rendered a decision finding that the hurricane caused the damage to the roof of the buildings, and that the Defendant was responsible under its policy. In the written judgment, he provided reasons. As to the amount of the damages, the arbitration judge stated:
State Farms' policy provides for replacement loss without deduction for depreciation, but the policy further provides that State Farm will not pay for any loss on a replacement basis until the damage is replaced and then only if the replacement is made as soon as reasonably possible after the loss. In light of the genuine dispute over the cause of the damage, the arbitrator finds that replacement of the roofs within a reasonable time from this decision is timely under the provisions of the policy. The terms in SECTION I CONDITIONS 2a (1) of the policy may also be followed by the parties.
The record establishes that the costs, including flashing and shingle removal, based on $275 per square of shingles, for replacement of the shingles on Trevino Street is $20,800; on Jones Street is $16,355; and on Spruce Street is $38,600. There was indication that the $275 per square for the shingles was too high and may well be. However, if State Farm elects, in its sole discretion, it may pay these amounts. Otherwise, the provisions of the policy mentioned above can apply if State Farm so elects.
Following the hearing, the Plaintiffs replaced the roofs and demanded that the Defendant pay the amounts set out in the arbitrator's judgment. However, the Defendant refused to pay the Plaintiffs those amounts, and apparently obtained its own estimates to repair the roofs with similar materials as had been on the roofs prior to the storm. It is not clear, but appears from the arguments, that the Plaintiffs replaced the roofs with more expensive materials. As a result of the Defendant's refusal to pay, on August 19, 2004, the Plaintiffs filed a petition to confirm the arbitration award, as written, citing the Louisiana arbitration statutes, La.R.S. 9:4209-9:4217. On September 10, 2004, the Defendant also filed a "Motion to Enforce Arbitration Award," with exhibits attached to the memorandum. This motion was subsequently declared moot.
A hearing on the Plaintiff's petition was held September 20, 2004. The only evidence introduced was the agreement to arbitrate, the arbitration contract and photographs showing the apartment complexes with the new roofs. The parties argued about the meaning of the arbitrator's findings relative to the replacement costs. The trial judge determined that he had to review the Defendant's policy before rendering a decision. The Plaintiffs objected contending that the trial judge was only authorized to confirm the arbitrator's award as that was the only issue before him and that the Defendant had failed to file a motion to modify the award timely. Neither the policy of insurance, nor the Defendant's estimates, were admitted into evidence. After taking the case under advisement, the trial judge confirmed the decision, but rejected the Plaintiff's arguments, and further determined that the Defendant was only liable for replacement of similar materials, pursuant to the Defendant's estimates that had been attached to its motion and memorandum. He ordered the Defendant to pay the Plaintiffs $40,800.
On appeal, the Plaintiffs contend that the trial judge exceeded his authority under the arbitration statutes by reducing the amounts awarded by the arbitrator. The Plaintiffs contend that, since the Defendant *1091 failed to file a timely motion to modify or vacate the award, the trial judge could only confirm the award as written, as provided by La.R.S. 9:4209. Furthermore, they argue that the trial judge could not review the insurance policy or consider the estimates because those documents were not admitted into evidence. The Plaintiffs argue alternatively that the trial judge erred in finding that the arbitration judge's comments regarding the evidence as to the amounts for replacing the roofs presented in the arbitration hearing was not binding. They contend that the trial judge incorrectly determined that the arbitration judge intended to permit the Defendant to either pay the amounts presented at the hearing immediately, or wait and pay whatever amounts it determined was reasonable under its policy after the roofs were replaced, both options of which were set out in the policy.
The Defendant agrees that the arbitration judge's award should be confirmed. However, it contends that the amounts set out in the decision were not final. Based on the language in the decision, the Defendant contends that the arbitration judge held that the Defendant could choose to pay the amounts pursuant to the evidence in the hearing. Otherwise, under its policy provisions, the Defendant could wait for the Plaintiffs to replace the roofs and pay the actual replacement costs.
Arbitration proceedings are governed by La.R.S. 9:4201 et seq. The statutory grounds for vacating or modifying an arbitration award in whole or in part are provided in La.R.S. 9:4210 and 4211. In addition, a litigant may attack the arbitration award on the basis of "a manifest disregard of the law," a judicially created ground for vacating an arbitration award. This refers to an error by the arbitration judge which is obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator. Louisiana Physician Corp. v. Larrison Family Health Center, L.L.C.,03-1721, p. 2 (La.App. 3rd Cir.4/7/04), 870 So.2d 575, 577; Welch v. A.G. Edwards & Sons, Inc., 95-2085, p. 6 (La.App. 4th Cir.5/15/96), 677 So.2d 520, 524; citing Colchoneria Jiron, S.A. v. Blumenthal Print Works, Inc., 629 So.2d 1288, 1290 (La.App. 4th Cir.1993), writ denied, 94-0145 (La.3/11/94); 634 So.2d 391. The jurisprudential rule implies that the arbitration judge appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it. Louisiana Physician Corp., 03-1721 at 2-3; 870 So.2d at 577, 578; Welch, 95-2085 at 6, 677 So.2d at 524.
Arbitration is favored in Louisiana. Louisiana Physician Corp., 03-1721 at 2, 870 So.2d at 577-578; Welch, 95-2085 at 10, 677 So.2d at 524. Furthermore, an arbitration award is res judicata. Louisiana Physician Corp., 03-1721 at 3, 870 So.2d at 578. Unless grounds for vacating, modifying or correcting the award are established, the award must be confirmed, and the burden of proof is on the party attacking the award. Louisiana Physician Corp., 03-1721 at 3, 870 So.2d at 578; Montelepre v. Waring Architects, 00-0671, p. 4 (La.App. 4th Cir.5/16/01), 787 So.2d 1127, 1130. Absent the existence of any of the statutory or jurisprudential grounds for vacating or modifying an arbitration award, a reviewing court is prohibited from reviewing the merits of the arbitration judge's decision. Louisiana Physician Corp., 03-1721, at 2; 870 So.2d at 577; Welch, 95-2085 at 5, 677 So.2d at 523. Further, a reviewing court may not substitute its own conclusions for that of the arbitration judge. Louisiana Physician Corp., 03-1721, at 2; 870 So.2d at 577; Welch, 95-2085 at 5, 677 So.2d at 523.
Notice of a motion to vacate, modify, or correct an award shall be served upon the *1092 adverse party or his attorney within three months after the award is filed or delivered, as prescribed by law for service of a motion in an action...." La.R.S. 9:4213. A stay then can be granted by any judge with the authority to issue a stay of the action in that court. Id.
In this case, the record reflects that the insurance policy was not admitted into evidence, nor was the pertinent parts of the policy at issue. In Tunstall v. Stierwald, 01-1765, p. 6-7 (La.2/26/02), 809 So.2d 916, 921, the Louisiana Supreme Court articulated the applicable burden of proof in a suit on an insurance policy. The Supreme Court stated that "[i]n an action under an insurance contract, the insured bears the burden of proving the existence of the policy and coverage. The insurer, however, bears the burden of showing policy limits or exclusions." See also: Winfrey v. Louisiana Carnival Club, Inc., 04-1913, p. 5 (La.App. 4th Cir.6/8/05), 907 So.2d 159, 162.
The arbitration judge recognized the existence of the policy and referred to the policy provisions at issue. However, his comments neither quote nor summarize the provisions. Because the policy was not introduced into evidence at the trial court hearing, the trial judge, who reviewed a copy of the policy after the hearing, did not have the authority to do so. Furthermore, he exceeded his authority in awarding the Plaintiff the amounts alleged by the Defendant to be owed for the Plaintiff's damages, because the Defendant failed to introduce into evidence its estimates of the costs of repair. Therefore, the trial court judgment must be vacated because it was not based on properly introduced evidence.
In determining whether to confirm the award as written, we find that the arbitration judge's award relative to the Plaintiff's damages is ambiguous. Although, the only evidence as to repair costs admitted at the arbitration was the Plaintiffs' experts' estimates, the arbitration judge's references to the policy provisions does not make it clear that the Defendant owes the amount assessed by the experts, before or after the repairs were to be made.
An arbitration award that is ambiguous in its scope or application is unenforceable. See: Brown v. Witco Corp., 340 F.3d 209, 216 (5th Cir.2003); San Antonio Newspaper Guild Local 25 v. San Antonio Light Division, 481 F.2d 821, 824 (5th Cir.1973). Furthermore, under arbitration law, neither we nor the trial court can attempt to resolve the ambiguity, and the case must be remanded for clarification by the arbitration judge. Brown, 340 F.3d at 216; San Antonio Newspaper Guild Local 25, 481 F.2d at 824. See also, Local Union 59, International Brotherhood Of Electrical Workers, AFL-CIO v. Green Corp., 725 F.2d 264 (5th Cir.1984). Consequently, we will remand the case to the arbitration judge for clarification of his decision only as to damages. Following a clarification, the parties may thereafter move for confirmation or other relief as necessary under the articles. We note that the trial judge failed to confirm the award relative to liability. Because there is no ambiguity as to liability, we will confirm that portion of the award.
Accordingly, the judgment of the trial court is hereby vacated. The case is remanded to the arbitration judge for clarification of the damage award. We confirm the award as to the Defendant's liability for damages. Costs of this appeal are to be divided between the parties.
JUDGMENT VACATED; CASE REMANDED.