993 So.2d 345 (2008)
Norma Jean WEBB
v.
Dr. Hamid MASSIHA and Doctors Hospital of Jefferson.
No. 08-CA-226.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2008.
Rehearing Denied November 3, 2008.
*346 George F. Riess, Attorney at Law, New Orleans, LA, for Plaintiff/Appellant.
Charles O. Taylor, Attorney at Law, Metairie, LA, for Defendant/Appellee-2nd Appellant.
Panel composed of Judges MARION F. EDWARDS, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Plaintiff, Norma Jean Webb, appeals from a judgment denying her motion to vacate an arbitration decision. We vacate the trial court judgment and arbitration award, and remand for a new arbitration hearing. The Plaintiff's motion to dismiss the Defendant's appeal is denied.
On July 3, 2000, the Plaintiff was approved by her internist's associate to undergo a facelift, liposuction, 4-lid blepharoplasty, and buccal fat pad to be performed by the Defendant, Dr. Massiha.[1] Four days later, the Plaintiff told Dr. Massiha that she wished to change the procedure to have her breast implants removed, and a stomach and breast reduction. The 7-hour surgery was performed on July 12, 2000, after which, the Plaintiff was given a bronchodilator, placed in constrictive garments, and moved to a recovery room. At 6:00 p.m. on July 12th, she was moved to Doctor's Hospital. On July 13th, at 10:30 a.m., she began to cough. By noon she had developed pneumothorax, which required her to be hospitalized in intensive care until July 28th.
The Plaintiff filed a petition for arbitration through Mediation Arbitration Professional Systems, Inc. (MAPS), in accordance with an agreement to arbitrate executed prior to the surgery. Among other things, the parties agreed that "[T]he taking of testimony and presentation of evidence ... shall be governed by the general rules of evidence applied in the courts of Louisiana", and that the parties could appeal the arbitrator's decision.
Four days before the hearing, on May 11, 2005, a panel of three arbitrators granted the Defendant's Motion to Strike Live Testimony, and to instead review the experts' opinions through deposition transcripts. The arbitration proceedings began on May 17, 2005. Both parties testified.
On August 16, 2005, the panel found that the Defendant did not breach the standard of care and is not responsible for the medical complications endured by the Plaintiff subsequent to the surgery. The Plaintiff filed a Motion for New Trial, which was denied.
The Plaintiff appealed to the 24th Judicial District Court. The trial judge affirmed the arbitrators' decision on June 12, 2005.
On appeal, the Plaintiff asks this Court to vacate the decision of the arbitrators for procedural and factual errors, and award her damages in the amount of $1,098,602.00.
The Defendants appeal the panel's decision not to enforce the clause in the arbitration *347 agreement entitling the winning party to costs.
The Plaintiff presents the following issues on appeal. Procedurally, she argues that the trial judge erred in refusing to review the factual findings of the arbitrators in accordance with the arbitration contract, and reverse the decision of the arbitrators; that the trial judge erred in finding that she waived her right to present live witnesses, despite the agreement that the hearing would be governed by the Louisiana Code of Civil Procedure; and that the trial judge erred in failing to vacate the award due to the panel's refusal to hear material and pertinent evidence. On the merits, she asserts that the arbitrators erred in their factual findings that the Defendant was not liable for the Plaintiff's injury.
Arbitration proceedings are governed by La.R.S. 9:4201 et seq., and the statutory grounds for vacating or modifying an arbitration award in whole or in part are provided in La.R.S. 9:4210 and 4211.[2] In addition, a litigant may attack the arbitration award on the basis of "a manifest disregard of the law," a judicially created ground for vacating an arbitration award recognized by several courts of appeal. See Robert S. Robertson, Ltd. v. State Farm Ins. Companies/State Farm Fire and Cas. Companies, 05-435, p. 5 (La.App. 5 Cir. 1/17/06), 921 So.2d 1088, 1091; Louisiana Physician Corp. v. Larrison Family Health Center, L.L.C., 03-1721, p. 2 (La.App. 3 Cir.4/7/04), 870 So.2d 575, 577; Welch v. A.G. Edwards & Sons, Inc., 95-2085, p. 6 (La.App. 4 Cir.5/15/96), 677 So.2d 520, 524; citing Colchoneria Jiron, S.A. v. Blumenthal Print Works, Inc., 629 So.2d 1288, 1290 (La.App. 4 Cir. 1993), writ denied, 94-0145 (La.3/11/94); 634 So.2d 391.[3] Arbitration is favored in Louisiana. Robert S. Robertson, Ltd., *348 05-435 at 6, 921 So.2d at 1091; Louisiana Physician Corp., 03-1721 at 2, 870 So.2d at 577-578; Welch, 95-2085 at 10, 677 So.2d at 524. Furthermore, an arbitration award is res judicata. Robert S. Robertson, Ltd., 05-435 at 6, 921 So.2d at 1091; Louisiana Physician Corp., 03-1721 at 3, 870 So.2d at 578. Unless grounds for vacating, modifying or correcting the award are established, the award must be confirmed, and the burden of proof is on the party attacking the award. Robert S. Robertson, Ltd., 05-435 at 6, 921 So.2d at 1091; Louisiana Physician Corp., 03-1721 at 3, 870 So.2d at 578; Montelepre v. Waring Architects, 00-0671, p. 4 (La.App. 4th Cir.5/16/01), 787 So.2d 1127, 1130. Absent the existence of any of the statutory or jurisprudential grounds for vacating or modifying an arbitration award, a reviewing court is prohibited from reviewing the merits of the arbitration judge's decision. Robert S. Robertson, Ltd., 05-435 at 6, 921 So.2d at 1091; Louisiana Physician Corp., 03-1721, at 2; 870 So.2d at 577; Welch, 95-2085 at 5, 677 So.2d at 523. Further, a reviewing court may not substitute its own conclusions for that of the arbitration judge. Robert S. Robertson, Ltd., 05-435 at 6, 921 So.2d at 1091; Louisiana Physician Corp., 03-1721, at 2; 870 So.2d at 577; Welch, 95-2085 at 5, 677 So.2d at 523.
The Plaintiff argues that the arbitration agreement between the parties expanded the scope of review beyond the statutory or jurisprudential reasons.[4] The Louisiana Supreme Court has not yet ruled on this issue. We need not address this issue, however, because we find that the Plaintiff is entitled to a new arbitration hearing due to the arbitrators' error in granting the Defendant's motion to strike live testimony.
The arbitrators granted the motion to strike four days before the hearing. Prior to then, in January, an order had been issued setting a deadline for the parties to provide the names of individuals giving live testimony, thereby confirming that live testimony would be taken of the witnesses. We find that the arbitrators exceeded their powers in striking the live testimony. First, the timing of the motion to strike was prejudicial, because the Plaintiff planned to elicit much of the pertinent information from witnesses during live direct and cross examination, and had not taken any perpetuation depositions prior to May 10, 2005, although she apparently did hurriedly obtain depositions prior to the hearing. Nevertheless, the timing of the motion was burdensome.
Secondly, the decision is not legally supportable. Under La.R.S. 9:4206, the panel may order the appearance of witnesses, and have the parties submit documents for its review. That provision of the Louisiana Arbitration Law, however, is designed to allow non-judicial persons to order the production of evidence it finds necessary for a fair resolution of the proceeding. There is nothing in these statutes that eliminate the parties' right to call live witnesses. Such a restriction could be made pursuant to the agreement of the parties, *349 but that was not done in this case. Furthermore, the arbitration contract states that "[T]he taking of testimony and presentation of evidence ... shall be governed by the general rules of evidence applied in the courts of Louisiana." Those rules include the right to produce live testimony. In light of these findings, we find that the error of the arbitrators in striking the live testimony in the manner which occurred here mandates a remand for a new trial.
The Plaintiff asserts in the event of a remand, that we order MAPS disqualified and a new panel be selected, due to their disorganization in perfecting and maintaining a record, their consistent refusal to produce the record so that this appeal could proceed, and because of the ineptitude of MAPS and the arbitration panel. We decline to disqualify MAPS or the panel. Errors made by an arbitrator should be remanded to the panel that erred in order to allow that panel an opportunity to correct the error. In addition, we do not find any authority that would allow the appellate court to disqualify an arbitrator. Furthermore, the Plaintiff has failed to show prejudice that would warrant this Court to jurisprudentially create such authority.
In light of this decision, we need not address the remainder of the Plaintiff's issues, or the Defendant's issue relative to costs.[5]
The Plaintiff's motion to dismiss the Defendant's appeal is hereby denied.
Accordingly, the arbitration decision and the trial judge's judgment are hereby vacated, and the matter remanded to the arbitration panel for a new hearing permitting the parties to produce live testimony in addition to any depositions and documentary evidence submitted by the parties, all in accordance with law.
Costs to be paid by the Defendant.
JUDGMENT VACATED; CASE REMANDED.
NOTES
[1] We refer to Dr. Massiha as Defendant for purposes of this opinion.
[2] La.R.S. 9:4210 provides that the courts can vacate the award:

A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.1
La.R.S. 9:4211 states the award can be modified:
A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
C. Where the award is imperfect in matter of form not affecting the merits of the controversy....
[3] This refers to an error by the arbitration judge which is obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator. Id., Louisiana Physician Corp. v. Larrison Family Health Center, L.L.C., 03-1721, p. 2 (La.App. 3rd Cir.4/7/04), 870 So.2d 575, 577; Welch v. A.G. Edwards & Sons, Inc., 95-2085, p. 6 (La.App. 4th Cir.5/15/96), 677 So.2d 520, 524; citing Colchoneria Jiron, S.A. v. Blumenthal Print Works, Inc., 629 So.2d 1288, 1290 (La.App. 4th Cir.1993), writ denied, 94-0145 (La.3/11/94); 634 So.2d 391.

The jurisprudential rule implies that the arbitration judge appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it. Robert S. Robertson, Ltd., 05-435 at 5, 921 So.2d at 1091; Louisiana Physician Corp., 03-1721 at 2-3; 870 So.2d at 577, 578; Welch, 95-2085 at 6, 677 So.2d at 524.
[4] The arbitration agreement reads, in relevant part:

It is understood that any disputes as to the medical services rendered under this contract will be determined by submission to arbitration proceedings as provided (sic) Louisiana Arbitration Law R.S. 9:4301 et seq., and not by a claim filed with the Commissioner of Insurance, or by a suit filed in court. By entering into this agreement, all parties give up their right to have the dispute decided in Civil Court by trial before a jury and accept the use of arbitration instead of suit to settle the Dispute. However, the decision of the arbitration panel can be appealed in appellate court. Any appeal must be filed in Jefferson Parish, Louisiana.
[5] The Plaintiff's assigned errors on the merits are that: the District Court erred in failing to reverse the finding of the arbitration panel that the Defendant's failure to evaluate the Plaintiff for the actual surgery performed was not a breach of the standard of care; that the Defendant did not violate both the written and verbal consent for surgery with the Plaintiff in failing to provide an anesthesiologist for her surgery; that the Defendant's violation of the written and verbal consent did not cause her damages; and that the Defendant's failure to inform the Plaintiff of the revocation of his license by the State of Louisiana to operate an ambulatory surgical facility was not a violation of his duty to obtain an informed consent from Appellant. Furthermore, she alleges that the District Court erred in failing to find that the failure of the arbitration panel to examine and consider the total unreliability of the Defendant's medical records and in failing to find that missing and altered documents gave rise to a presumption of the Defendant's liability; that the trial judge erred in failing to adopt the facts in the record through deposition testimony of medical experts that the operation of July 12, 2000 should never have been performed, and that the surgery of July 12, 2000 was the cause of her damages.