## DIAMOND v. PETIT.

| 3 | 37 |
| 49 | 1080 |

The surety on an appeal bond will not be discharged by the failure of the Supreme Court to affirm for its whole amount, a judgment rendered below in favor of the appellee. The surety is bound for " whatever judgment may be rendered against the appellant." C. P. 579, 596. *Per Curiam :* If any portion of the appellee's demand be sustained by a judgment of the Supreme Court, the surety remains bound.

Notice of a rule, taken against the surety on an appeal bond to show cause why he should not be condemned to pay the amount for which judgment was rendered against his principal, must be served on him, if a resident of the State, personally or at his domicil; if absent, but represented by an attorney in fact, service should be made on the attorney in fact, and the record should exhibit his authority. In neither case would service on a curator *ad hoc* be sufficient.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Preston*, for the plaintiff. *L. Janin*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. When this cause was before us as between the plaintiff and the original defendant we reversed the judgment of the District Court, which was for $1,600, and gave judgment in favor of *Diamond* against *Petit* for the sum of $1,000, the plaintiff to pay the costs of the appeal, and the defendant those of the District Court, 2 Ann. R. 537. The mandate of this court having been recorded in the court below, a *fieri facias* was issued against *Petit*, and was returned *nulla bona.* The plaintiff thereupon took a rule against *Garnier*, surety on the appeal bond, to show cause why judgment should not be rendered,

DIAMOND
*v.*
PETIT.

and execution issued, against him, for the amount of the judgment and costs. The sheriff returned that *Garnier* "could not be found, he being *absent from the parish.*" Upon exhibition of this return, the plaintiff's counsel obtained an order that a curator *ad hoc* be appointed to represent him in the rule, and that the rule be also served on "*Rochereau*, agent of the said *Garnier.*" Service was accordingly made on the curator and *Rochereau.* The curator then applied for, and was allowed, time to correspond with *Garnier*, and thereafter, in his capacity of curator, filed an answer. No appearance was made by the alleged agent, *Rochereau.* At the hearing the court gave judgment for the plaintiff against *Garnier*, for $1,000 and costs. The curator applied for an appeal, which was granted, and *Garnier* personally has signed the appeal bond.

We will first consider the defence set up in the answer, which *is* that the surety is discharged from all liability upon the bond, because the judgment of the District Court was not affirmed, but was reversed by this court, and judgment was rendered for a less sum. The question thus presented is a novel one. No adjudged case has been cited by the counsel of either party. Our researches have not discovered any precedent in our own reports, and in examining the reports of other States we have found but two adjudged cases, and they are conflicting.

The condition of the appeal bond is as follows: "Now the condition of the above obligation is such, that the above bound *Jean Petit* shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if he be cast in the appeal; otherwise that the said surety shall be liable in his place." This condition follows the 579th article of the Code of Practice. It seems to be conceded in argument by the counsel of both parties, and very properly, that in the construction of the bond we may be aided, in case of doubt, by the provisions of the Code generally upon the subject of appeal. The right of appeal, and the conditions upon which it is to be exercised, being granted and defined by special laws, if there be any obscurity or ambiguity in the language of the appeal bond it may be fairly interpreted by reference to those laws. As in the case put by Domat, of a deed made in obedience to a decree of court, which is to be interpreted with reference to such order, according to the rule of the roman law—Prætoriæ stipulationes legem accipiunt de mente Prætoris qui eas proposuit. See also Civil Code, 3037. It is true, as urged by the defendant's counsel, that the language of article 575 is narrower than that of article 579. It authorises an appeal upon giving bond, with a good and solvent surety, for a sum exceeding by one-half the amount for which *the judgment* was given " as surety for the payment of the amount of *such judgment*, in case the same be affirmed by the court to which the appeal is taken." But article 579, which more particularly designates the requisites of the bond, and is, in fact, exclusively directed to that object, declares that : " In the appeal bond it must be set forth in substance that it is given as surety that the appellant shall prosecute his appeal, and that he shall satisfy *whatever judgment may be* rendered against him, (le montant des condemnations qui *seront* prononcées contre lui,) or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if he be cast in his appeal, otherwise that the surety shall be liable in his place."

It is obvious that the language of this latter article is broader than that first cited. Article 575 speaks of the affirmance of the original judgment as the test of the surety's liability. But the subsequent article points to the judg-

ment which the appellate tribunal may render against the appellant. Its language is very large and comprehensive, and covers not the mere case of affirmance, but whatever judgment may be rendered against the appellant. In estimating the comparative force of those articles as controlling the present question, we have no hesitation in saying that article 579 is entitled to the greater consideration. Its antecedent embraced other subjects—the notification of the judgment, and the time within which the appeal must be taken to operate as a stay of execution. But article 579 is exclusively directed to a statement of the substantial requisites of the bond. Article 579 derives additional force from other articles of the Code, which very clearly illustrate the propriety of holding the surety for " whatever judgment may be rendered against" the appellant. The power of the Supreme Court over a case is not restricted to a mere affirmance or reversal. It may increase the judgment in the appellee's favor, or it may diminish it in favor of the appellant. It may reverse the judgment *in toto*, and give a final judgment for the defendant ; or it may affirm the judgment with heavy damages. Code of Practice, arts. 887, 888, 905. Looking, therefore, to the broad control of the appellate court, to which the litigant demands the removal of his cause, completely suspending in the meanwhile the action of his creditor, there is an obvious propriety in the requisition of the law that he should give security that he will satisfy not only the judgment already rendered, but whatever judgment shall be rendered against him ; and for this duty, however onerous, he receives an equivalent. The delay occasioned by the appeal is the price paid by the appellee for the additional security.

The language of art. 596, in which the remedy against the surety is provided, harmonises with article 579. " If, on the execution of the *judgment of the appellate* court, there is not sufficient property of the appellant to satisfy the judgment and costs, (condamnations prononcées par ce jugement,) the appellee may obtain judgment against the security given by the appellant, on motion, &c.

We have not overlooked the expressions contained in article 579 and in the Code, "*if he be cast in the appeal ;*" nor the argument derived from them. It is clear that an appellant who obtains a reduction of the original judgment, has partially succeeded. He has sustained his appeal in part. He is certainly not " cast" for the whole. This expression " cast" is vague and indefinite. If it stood alone it might be said perhaps that, an appellant whose appeal is partially successful is not "cast" in his appeal ; but in weighing these words with the context, with which, if it be possible, we are bound to reconcile them, the fair construction appears to be that, to relieve the surety, the success of the appellant must be complete; and that if he be cast in part, that is, if a portion of the appellee's demand be sustained by a judgment of the appellate court, the condition of the bond is is not saved, and the surety remains bound.

The two apparently conflicting cases to which we have alluded in the early part of this opinion, are the cases of *Page* v. *Johnson*, 1 Chipman, 338; and *Teemster* v. *Anderson*, 6 Munro, 540. In the former case we find the surety was held where the judgment was reduced by the appellate court, although the language of the bond was not so favorable to the appellee as in the case before us. The condition of the recognisance was, " that *J. Johnson* should prosecute his appeal prayed out, at the next term of the Supreme Court &c. to effect, or answer and pay all intervening damages and costs, in case judgment should be affirmed." The counsel for the defendants contended that the condition of the recognisance prescribed by the statute is that the appellant shall pay in case

DIAMOND
*v.*
PETIT,

the judgment was affirmed; that the judgment was not affirmed, as the plaintiff on the appeal recovered a less sum; that it was a different judgment, and not an affirmance of the former judgment. On the part of the plaintiff it was contended, that the recovery of any sum by the plaintiff on the appeal was so far an affirmance of the judgment. The court said that the construction had always been as stated by the plaintiff's counsel; that if the appellee again recover on the appeal, it is an affirmance of the former judgment fully as to the right, and partially as to the quantum of damages.

The opposite doctrine was held by the Court of Appeals of Kentucky, in *Teemster* v. *Anderson.* It was there decided that, if the appellant succeeds in lessening the demand and obtaining a partial reversal, he saves his bond, and the condition is not broken. But an examination of that case has satisfied us that the statute there regulating appeals differs from our own. The appellant there was required to give bond, "in a sum not less than double the original debt and costs, with condition to pay the same provided he gets cast."

We are therefore of opinion that the surety in this case is bound, upon the default of the principal obligor, to pay the judgment rendered by this court upon appeal against his principal.

But the other objection raised by the appellant is well taken. It is that *Garnier* was not properly cited or notified, in the proceeding upon the bond. Either he was a resident of the State or not, at the time of taking the motion. If he was a resident, notice of the motion should have been served upon him personally, or at his domicil. If absent, and he had an attorney in fact, service should have been made on such attorney, and the record should exhibit the attorney's authority, which has not been done. We are of opinion that the case was not one authorising the appointment of a curator *ad hoc.* See *Dupuy* v. *Hunt*, 2 Annual R. 562. The present proceeding having been irregularly conducted must be dismissed.

It is therefore decreed that the judgment of the court below be reversed, and that the motion against *Garnier* be dismissed as in case of non-suit, the plaintiff paying costs in both courts.