DALEY, Judge.
12Pefendants, John Michel Lopeo, Eagle Security Systems, Inc., and Eagle Elec *306 tronic Security Systems, Inc.,[1] appeal the trial court’s grant of a Motion to Confirm Arbitration Award filed by plaintiffs, Dic-toguard, Inc. and Edgar M. Rea. Defendants argue that the trial court erred in entering an award that does not conform to the express ruling of the arbitrator. They argue that the judgment awards relief in addition to and beyond the scope of the arbitrator’s express ruling. Specifically, defendants assert that the arbitrator’s ruling awarded Dictoguard certain damages against Mr. Lopeo, individually, but the trial court’s judgment confirming the award rendered judgment in favor of Dic-toguard against Lopeo and Eagle in soli-do.[2] We find merit in defendants’ position, and accordingly, reverse the judgment of the trial court, and render judgment confirming the arbitration award as written by the arbitrator.
|3In 1993, Dictoguard, as buyer, entered into a purchase agreement with Eagle, as seller, and Mr. Lopeo, as shareholder of Eagle, to purchase the assets of Eagle’s alarm security business, referred to as the Asset Purchase Agreement. This agreement is signed by Mr. Rea in his capacity as President of Dictoguard, and by Mr. Lopeo in his capacity as President of Eagle, and also again by Mr. Lopeo as Shareholder. In connection with the sale, Dictoguard and Mr. Lopeo, as “consultant,” entered into a Consulting Agreement under which Mr. Lopeo was to provide certain consulting services to Dictoguard. This Consulting Agreement was signed by Mr. Rea in his capacity as President of Dictoguard, and by Mr. Lopeo, individually, as “consultant.”
As of 1999, disputes between the parties regarding the two contracts arose and escalated, and the parties agreed to submit the matters to binding arbitration for resolution. The arbitrator issued his ruling on April 28, 2005, which reads in its entirety as follows:

Arbitrator’s Ruling

Following review of what record there is of the evidence taken before my appointment as arbitrator, study of memoranda of the parties, consideration of the argument of the parties, and conducting research (including King James Version of the Holy Bible (1 Kings 4,16-28)), I rule as follows:
Dictoguard sustained damages in the amount of $108,000 as a result of Jean-Michel Lopeo’s violation of the non-competition provisions of the Consulting Agreement and it is hereby awarded $108,000 from Jean-Michel Lopeo, plus judicial interest from the date arbitration was begun, September 7, 1999, and all expenses of arbitration which have been advanced by Mr. Edgar Ray [sic] and Dictoguard on behalf of the Lopeo or Eagle interests for expenses related to the arbitration.
The Eagle and Lopeo interests are awarded $17,000 from the Dictoguard interests for breach of the Asset Purchase Agreement, plus judicial interest from the date the arbitration began, September 7,1999.
The Omni Bank is ordered to release the Martin Mediation Group whatever remains in the arbitration escrow account established in |41998, to be distributed by Martin Mediation Group to the par *307 ties entitled to such based upon this and prior rulings.
On January 24, 2006, Dictoguard and Mr. Rea filed the Motion to Confirm Arbitration Award and for Judgment According to the Award and for Release of Escrow Funds. The motion directly references the Arbitrator’s Ruling, but asks that the “Court render judgment pursuant to the award in their favor and against [Eagle] and Jean Michel Lopeo, in solido, ...” (emphasis added)
Eagle and Lopeo did not file an opposition to the Motion to Confirm Arbitration Award.[3] On March 22, 2006, in open court, and without any substantive argument, the trial court granted plaintiffs’ Motion. On March 30, 2006, defendants filed a Motion for New Trial, arguing that the judgment rendered on March 22, 2006 was contrary to the law and evidence in that it awarded judgment in favor of Dicto-guard and Rea and against Lopeo and Eagle in solido. The motion further points out that the arbitrator’s award was in favor of Dictoguard only and not Rea. The motion further suggests that defendants’ failure to oppose the motion or appear at the hearing was based upon possible settlement discussions. The trial court denied the motion on June 6, 2006, after which defendants filed this appeal.
On appeal, defendants argue that the trial court had no legal authority to render a judgment against Lopeo and Eagle in solido, as this grants relief beyond that in the arbitrator’s express ruling. Defendants also argue that the trial court erred in denying their Motion for New Trial.
Plaintiffs argue that the ruling is correct, because counsel for Lopeo has expressed that he is insolvent and may not be able to pay a judgment against him, and that under the principles of solidarity, Eagle and Lopeo are obligated to the |5same thing, because Lopeo is Eagle’s sole shareholder. They also argue that under the “veil piercing” theory, Eagle can be found solidarity liable with Lopeo for Lopeo’s breach of the Consulting Agreement. Finally, they argue that fairness dictates the trial court’s result, since the award of $17,000 in favor of Lopeo and Eagle was for a breach of the Asset Purchase Agreement by Dictoguard to which Lopeo was not a party, and that if Lopeo can take advantage of the award of $17,000.00 without being a party to the Asset Purchase Agreement, then why should Eagle escape liability for the award of $108,000.00?
Arbitration proceedings are governed by LSA-R.S. 9:4201 et seq. R.S. 9:4209 provides that the trial court may only confirm the award as written. Robert S. Robertson, Ltd. v. State Farm Ins. Companies/State Farm Fire and Cas. Companies, 05-435 (La.App. 5 Cir. 1/17/06), 921 So.2d 1088. The statutory grounds for vacating or modifying an arbitration award in whole or in part are found in LSA-R.S. 9:4210 and 4211. Unless grounds for vacating, modifying, or correcting the award are established, the award must be confirmed. Id. at 1091.
The trial court’s judgment confirming the award actually awards relief not awarded by the arbitrator. The trial court exceeded its authority when it awarded damages to Dictoguard against Lopeo and Eagle in solido when the arbitrator’s award was against Lopeo alone. The reasons advanced by plaintiffs as to why this award should be in solido, and that the trial court had authority to make an in solido award when the arbitrator did not, *308 go to the merits of the dispute and involve interpretation of facts not before the trial court, and thus is clearly in excess of the trial court’s statutory authority as per LSA-R.S. 9:4209 and 4212.
Plaintiffs argue that counsel for Lopeo has represented in the past that he is insolvent, and thus not awarding the judgment against Lopeo and Eagle in solido | fiWould deprive plaintiffs of their award. There is no evidence in the record that Lopeo is insolvent.
Plaintiffs also argue that the solidary obligation arises, not only from an expression of the parties, but from operation of law, quoting LSA-C.C. art. 1796. But plaintiffs failed to include the first sentence of that article, which states that solidarity of obligation shall not be presumed. Plaintiffs make the sweeping con-clusory statement that “despite the claim of Lopeo and Eagle that they are separate and distinct parties, solidary liability is imposed by operation of law. They are both obligated to the same thing. C.C. Art. 1794.”[4] Plaintiffs argue that Eagle is liable, under the terms of Asset Purchase Agreement, for Lopeo’s breach of the Consulting Agreement, even though Eagle was not a party to the Consulting Agreement. The arbitrator, however, apparently did not come to such a conclusion, since he awarded plaintiffs damages for the breach of the Consulting Agreement against Lo-peo alone. The place for plaintiffs to have made this argument was to the arbitrator, since it involved interpretation of facts and of the various contracts’ terms. The trial court clearly erred in its judgment.
Plaintiffs also argue that Eagle is liable in solido with Lopeo under the “piercing of the corporate veil” theory, since Lopeo and Eagle are a “single business entity.” The support for such a statement, they hold, comes from the fact that Lopeo was Eagle’s only shareholder, and its president, registered agent, and director, and thus are one and the same for the “present purposes.”
Plaintiffs actually are arguing a theory of “reverse” veil piercing. To “pierce the corporate veil” or find that a corporation is an alter ego of an individual, the courts traditionally look to five factors that, when considered with the totality of the evidence, indicate that the individual and the corporation were not actually |7separate entities: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities required for incorporation and for the transaction of corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and, (5) failure to hold regular shareholder or director meetings. Riddle v. Simmons, 40,000 (La.App. 2 Cir. 2/16/06), 922 So.2d 1267. “Reverse piercing” occurs when, through a legal action, assets of the corporate entity are reached to satisfy the obligations of a controlling alter ego. The alter ego may be a corporate shareholder or officer. Id. at 1280. The involvement of a sole or majority shareholder in a corporation, however, is not sufficient alone to establish a basis for disregarding the corporate entity. Id. at 1279.
The point of the above discussion is to show that the trial court clearly exceeded its authority when, in the guise of confirming an arbitration award, it awarded plaintiffs relief against Lopeo and Eagle in solido. Such theories as plaintiffs argue here for the correctness of the trial court’s judgment depend upon facts and evidence not in this record and that were clearly not before the trial court. The trial court *309 cannot assume that any factual grounds existed for reverse veil piercing.
Accordingly, the trial court’s judgment confirming the arbitration award must be reversed. We hereby render judgment confirming the arbitration award as written by the arbitrator, as noted above.

REVERSED AND RENDERED.

. Eagle Electronic Security Systems, Inc. and Eagle Security Systems, Inc. will be referred to collectively as "Eagle.”

. Defendants make clear that they do not appeal the arbitrator’s award, but rather the judgment of the trial court purporting to confirm that award as per LSA-R.S. 9:4209 et seq.

. Counsel for defendants asserts in brief that her failure to oppose the Motion to Confirm arose out of an apparent "understanding” the parties reached regarding amending the motion to delete the request for in solido relief.

. P. 7 of plaintiffs' brief.