983 So.2d 156 (2008)
DICTOGUARD, INC. & Edgar M. Rea
v.
Jean Michel LOPEO, Eagle Security Systems, Inc., Eagle Electronic Security Systems, Inc.
No. 07-CA-781.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2008.
John A. Stewart, Jr., Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellee.
*157 M. Claire Durio, Attorney at Law, Mandeville, Louisiana, for Defendant/Appellant.
Panel composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
Defendant, Eagle Electronic Security Systems, Inc., (hereinafter "Eagle") appeals the trial court's grant of a Judgment Against Surety. Eagle asserts that because of this Court's previous finding in Dictoguard, Inc. v. Lopeo, et. al., 06-631(La.App. 5 Cir. 12/2706), 948 So.2d 305 (that it was not solidarily liable with its co-defendant Jean M. Lopeo) it cannot be held liable as surety for the principal obligation of Jean M. Lopeo unless BOTH are found liable for the underlying judgment. We disagree.
Procedural history
The underlying case before us arises out of an arbitration proceeding that began in 1999. The parties to the arbitration were Jean Michel Lopeo, Eagle Electronic Security Systems Inc., and Dictoguard Inc. The two contractual disputes between the parties resulted in the arbitrator's April 28, 2005 ruling awarding Dictoguard $108,000 plus interest against Lopeo. The ruling also awarded Lopeo and Eagle $17,000 for breach of the asset purchase agreement plus judicial interest from the date of the arbitration began, but held Lopeo and Eagle responsible for the expenses of the arbitration.
Neither party took any action to modify, amend, or challenge the arbitrator's 2005 ruling.
In January 2006, Dictoguard and its principal filed a motion to confirm the arbitration award in accordance with La. R.S. 9:4209. The district court however, did more than confirm the original award. It granted the motion to confirm the arbitrator's ruling, but also expanded the ruling to impose solidary liability against Lopeo and Eagle. This act was in direct contravention of the law as a reviewing court may not substitute its own judgment for that of the arbitrator. Woodrow Wilson Const. Inc. v. MMR-Radon, 96-0618 (La.App. 1 Cir. 12/20/96), 684 So.2d 1125. This Court subsequently reversed the district court, and confirmed the arbitrator's ruling as written. Dictoguard v. Lopeo, supra.
Pursuant to that appeal, Lopeo, with Eagle Electronic Security Systems Inc. as surety, filed a suspensive appeal, and posted a bond to prevent Dictoguard from executing its money judgment.
An understanding of the rules of appealing and confirming an arbitration award is necessary in order to understand the limited scope of this appeal. La.R.S. 9:4201, et seq, governs the Louisiana Binding Arbitration Law. La.R.S. 9:4209 states that "at any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award." There are however, limited instances in which a party to arbitration may seek to modify or correct an arbitrator's award. La.R.S. 9:4211 delineates those instances.
A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.

*158 C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
The revised statute specifically states that "the order shall modify and correct the award so as to affect the intent thereof and promote justice between the parties." La.R.S. 9:4211. The limited issues from which a litigant may appeal an arbitrator's ruling can be described as technical in nature. Courts reviewing arbitrations are generally not permitted to address the merits of a case, only "modify or correct" technicalities.
In our earlier decision, this Court reversed the district court for going beyond the scope of the technicalities to which it is limited by La.R.S. 9:4201, et seq. The issue now before the Court is whether, despite our previous finding, Eagle Electronic Security Systems Inc., has essentially made itself liable "in solido" for $93,000.00 as Lopeo's surety on appeal.
Chapter three of the Louisiana Civil Code articles on suretyship governs the effects of suretyship between the surety and the creditor. Specifically, La.C.C. art. 3045 states:
A surety, or each surety when there is more than one, is liable to creditor in accordance with the provisions of the Chapter, for the full performance of the obligation of the principal obligor, without benefit of division or discussion, even in the absence of an express agreement of solidarity.
This article acts as an extension of the definition of surety in La.C.C. art. 3035, which states that a suretyship is an accessory contract by which the person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so. The instant case involves a legal surety, whose agreement is required by court order, to suspend the execution of a judgment pending appeal. A legal surety may not draft a contract to limit the surety's liability. La.C.C. art. 3066. However the contract is worded, the court will require the contract to conform to the requirements of law. La. C.C. art. 3067.
The duty of the surety is clearly articulated in the simple, albeit old, decision of Culver, Simonds & Co v. H.J. Leovy, et al., 27 La.Ann. 58 (La.1875), which states that the "surety's liability is to be just that of his principal, to pay and satisfy the final judgment of the appellate court whatever that may be." In that case, as in the instant case, the appellant argued that since the judgment appealed from was changed to hold the defendants liable "jointly and not in solido" the surety could no longer be liable for the amount of the judgment rendered. The court declined to agree, holding that the appellant must "satisfy whatever judgment may be rendered against him, etc., and that the surety shall be liable in his stead." See also Holmes v. Steamer Belle Air and Owners, 5 La.Ann. 523 (1850).
Similarly, in Diamond v. Petit, 3 La.Ann 37 (1848), the court addressed whether a change in a district court's finding by the appellate court would therein release the surety of its obligation. The court stated that in order to relieve the surety, the success of the appellant must be "complete." And, "that if he be cast in judgment, that is, if a portion of the appellee's demand be sustained by a judgment of the appellate court . . . the surety remains bound."
In the instant case, Eagle argues that because this court ruled in 2006 that it was NOT solidarily liable with Lopeo, it cannot now be held liable to pay a judgment on Lopeo's behalf. This reasoning contradicts the purpose and intent of the laws governing surety. The language of Lopeo's suspensive appeal bond specifies that the "principal and surety hereby bond *159 themselves in solido for the payment" of the judgment and that "any judgment against them will be paid and satisfied from the proceeds of the sale of Principal's property . . . or otherwise from the property of the Surety." Eagle signed the document as "Surety" for its "Principal," Jean M. Lopeo. It is irrelevant that the 2006 ruling by this Court confirmed that they were not cast in judgment by the arbitrator as solidary obligors. What is relevant is that as a surety for the principal Eagle is legally bound to pay "any judgment," including the judgment which forms the underlying basis of this case. Lopeo, as defendant, could have chosen any third party surety for purposes of putting up a bond and any third party would be liable to pay the judgment.
A legal surety creates a separate and distinct obligation from the underlying judgment, that obligation being a guaranty of the performance of the principal, in the event the principal cannot perform. La. C.C. art. 3035. A suretyship, as with any obligation, may be conditioned or limited in any way. La.C.C. art. 3040. The only formal requirements of suretyship are that they be "express and in writing." La.C.C. art. 3038. Had Eagle intended that it would only be bound for a judgment against BOTH Eagle and Lopeo, then it could have and should have been articulated in such express terms in the surety bond. The appellants could also have limited the notice of the appeal to those portions of the judgment about which they were complaining. They did neither.
Eagle argues, however, that La.C.C. art 3059 applies. This assertion is misplaced. Article 3059 states that "the extinction of the principal obligation extinguishes the suretyship." This Court's 2006 ruling did not extinguish the principal obligation, i.e. the finding of liability by the arbitrator. To the contrary, the Court confirmed the arbitrator's award. It simply found that the defendants in the arbitration were not solidarily liable for the judgment.
The issue before the Court now is not the merits of the underlying arbitration, but rather Eagle's liability for the judgment as Lopeo's surety. Eagle cannot successfully argue semantics to absolve it of its liability as surety. Not even a discharge of the principal in bankruptcy would release the surety from its guaranty of the principal's obligation. Domingues Motors, Inc. v. Lalonde, 417 So.2d 900, 902 (La.App. 3rd Cir.1982). La.C.C.P. art. 2124(E) specifically states that the suspensive appeal bond shall provide security that "any judgment" will be paid. This language is identical to the language in the actual suspensive appeal bond submitted by Eagle and Lopeo, dated July 7, 2006. Eagle's argument to the contrary is without merit.
Appellee accurately states the holding in Diamond v. Petit, 3 La.Ann. 37 (1848) for the premise that a surety bond covers not only the "affirmance, but whatever judgment may be rendered against the appellant." An appeal bond therefore covers not only the judgment issued by the trial court, but any modification of that judgment by the appellate court. Id. In the instant case, the judgment against Lopeo was affirmed. Accordingly, the appeal bond posted by Eagle as surety is applicable to the judgment against him.
The second issue before the Court is whether the trial court should have awarded interest on the surety judgment against Eagle. Eagle did not respond to this issue in its brief. In its Motion for Judgment against Surety, Dictoguard requested judgment in the amount of $93,000.00, plus interest from the date of the judgment. In its May 16, 2007 ruling, the trial judge did not award interest.
The Louisiana Supreme Court has addressed this issue directly. The purpose *160 of post-judgment interest is to encourage prompt payment of amounts awarded in a judgment, and to compensate the "victorious party for the other party's use of funds to which the victor was entitled under the judgment." Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/1997), 696 So.2d 1382, 1386. Dictoguard was clearly victorious in the arbitration against Lopeo. This Court confirmed the arbitrator's finding. There is no reason why Dictoguard would not be entitled to interest on the judgment against the surety.
It should be noted that pursuant to this judgment, Dictoguard has effectively accomplished exactly what this Court said they could not do in Dictoguard, Inc. v. Lopeo, supra: hold Eagle responsible for Lopeo's debt. What distinguishes our treatment of Eagle in this case from our previous decision is that in this case Eagle is before us as a surety. In our previous case, Eagle was simply another litigant in the arbitration. For the instant discussion, the surety's obligation must be seen as a separate and distinct obligation formed by the relationship between the surety and the principal. It is immaterial for this discussion that the surety happened to be a party to the underlying arbitration.

DECREE
Accordingly, the trial court's judgment granting the Motion for Judgment against surety is affirmed. The denial of the request for interest is reversed and Eagle is hereby ordered to pay interest on the judgment against it.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.