939 So.2d 424 (2006)
LACOUR'S DRAPERY COMPANY, INC. D/B/A LaCour's Carpet World
v.
BRUNT CONSTRUCTION, INC.
No. 2005 CA 1352.
Court of Appeal of Louisiana, First Circuit.
June 28, 2006.
Rehearing Denied August 22, 2006.
*425 Craig L. Kaster, Zachary, Counsel for Plaintiff/Appellee Lacour's Drapery Company, Inc. D/B/A Lacour's Carpet World.
W. Scarth Clark, New Orleans, Counsel for Defendant/Appellant Brunt Construction, Inc.
David J. Krebs, H.S. Bartlett, III, New Orleans, Counsel for Defendant/Appellant Fidelity & Deposit Company of Maryland.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
GAIDRY, J.
This suit arises out of a dispute over payment for work performed by plaintiff, LaCour's Drapery Company, Inc., d/b/a LaCour's Carpet World ("LaCour's"), as subcontractor for defendant, Brunt Construction, Inc. ("Brunt"). LaCour's filed suit on October 1, 2003, alleging that Brunt had failed to pay LaCour's in full for work performed on two projects, described in the petition as the North Corbin Elementary School project ("North Corbin") and the LIGO project ("LIGO"), despite the fact that Brunt had been paid by the owner for LaCour's work.
*426 Brunt filed an exception of prematurity on November 4, 2003, alleging that the parties were contractually obligated to arbitrate any disputes prior to litigation. The matter was stayed on December 2, 2003 so that LaCour's and Brunt could arbitrate their disputes as required by the contract.
The arbitrator's ruling, issued in an October 19, 2004 letter to the parties, addressed disputes between the parties arising out of four projects; in addition to the two projects mentioned in the petition, he addressed the parties' disputes arising out of the Riverside Medical Center project ("Riverside") and the Charles E. Cate Teacher Education Center project ("Cate"). Both parties' claims relating to the LIGO project were rejected. On the Cate project claims, the arbitrator awarded LaCour's $45,828.13, plus legal interest, but denied all of the parties' other claims arising out of this project. On the North Corbin project, the arbitrator awarded LaCour's $11,063.56, plus legal interest, assessed a penalty in the amount of $1,659.54 against Brunt, and rejected Brunt's claims. On the Riverside project dispute, the arbitrator awarded LaCour's $11,564.45, plus legal interest, assessed a penalty of $1734.67 against Brunt, and rejected Brunt's claims against LaCour's. In addition to the awards made on the specific disputes, the arbitrator awarded LaCour's $5,000.00 in attorney's fees and assessed seventy percent of the cost of arbitration[1] to LaCour's and thirty percent to Brunt.
On November 10, 2004, almost a month after the arbitrator rendered his decision, LaCour's filed a motion to amend its petition in order to add Fidelity and Deposit Company of Maryland ("F & D") as a defendant. The amended petition alleged that F & D was solidarily liable with Brunt because it provided the statutory performance and payment bond to Brunt with regard to the Riverside and Cate projects. LaCour's had sent letters by certified mail to F & D dated September 17, 2003 and March 8, 2004, demanding payment on those projects.
LaCour's filed a motion to confirm the arbitrator's award, which was opposed by F & D on the grounds that they were not a party to the lawsuit at the time of the arbitration and were neither informed of nor invited to participate in the arbitration, which prevented them from presenting any defenses available to them as a surety. F & D also objected to the award of attorney's fees on LaCour's claims. After a hearing, the trial court rendered judgment confirming the arbitrator's decision against Brunt on the North Corbin project claims and against Brunt and F & D in solido on the Cate and Riverside project claims. In oral reasons for judgment, the trial court stated that F & D "knew about LaCour's demand . . . a year prior to the arbitration and had they wished to participate in the arbitration, they could have requested of this court to do so. The court does not feel that they should be able to sit back and do nothing and then complain that they did not participate." Brunt and F & D each suspensively appealed this judgment.[2]
F & D alleges on appeal that the trial court erred in finding that it had received proper notice of the arbitration proceedings; in enforcing the arbitration award against F & D when F & D had no notice of the proceedings and no opportunity to *427 be heard; and in enforcing the arbitration award against F & D when the arbitration did not adjudicate the personal defenses available to F & D as a surety, which defenses could limit F & D's obligation to satisfy the arbitration judgment.
Brunt's appeal alleges that the trial court erred in refusing to allow it to present testimony to prove that the arbitrator's award was unfair and procured through ill practices.

DISCUSSION
Within a year after an award is made, any party to an arbitration may apply to the court for an order confirming the award. Upon such an application, the court shall grant the order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. La. R.S. 9:4209. An arbitration award shall be vacated when it was procured by corruption, fraud, or undue means; or where there was evident partiality or corruption on the part of the arbitrator; or where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. La. R.S. 9:4210.
F & D's arguments on appeal center around the fact that it was not involved in the arbitration that produced the award for which it is now liable as Brunt's surety. However, it is not necessary for F & D to be a party to the arbitration in order for it to be liable as a surety on awards covered by its surety bond. F & D argues that there were personal defenses available to it as a surety which would limit its liability on the bond. F & D fails to enlighten us in its appellate brief as to exactly what defenses to liability it might have raised had it been invited to attend the arbitration; however, these defenses could also have been raised before the trial court at the hearing on the confirmation of the arbitration award. The third circuit in Town of Melville v. Safeco Ins. Co. of America, 94-1039 (La.App. 3 Cir. 3/1/95), 651 So.2d 404, held that an arbitration award rendered against a general contractor was enforceable against his surety who was not a party to the arbitration; however, the award merely established the upper limit of the surety's liability, and the surety could then raise any personal defenses available to it to reduce or eliminate its liability. Again, we are unaware of what personal defenses F & D desired to raise, but the fact remains that F & D did not need to participate in the arbitration in order for the arbitration award to be enforceable against it as surety, and the appropriate place for F & D to raise any defenses would have been at the hearing held by the trial court. F & D does not allege on appeal that it attempted to raise personal defenses to liability at the confirmation hearing and was prevented from doing so; therefore, the trial court did not err in finding F & D solidarily liable with Brunt on the awards arising from the Cate and Riverside project claims.
Regarding F & D's argument that the award of attorney's fees against it was inappropriate, La. R.S. 38:2246(A) provides that only where a party's timely and properly recorded or sworn claim is granted in full can attorney's fees be awarded. In cases where attorney's fees are appropriate, they are to be in the amount of ten percent. In this case, the arbitrator made individual awards on each project claim, then awarded attorney's fees of $5,000.00, without stating how it arrived at that *428 amount. On the Cate project, the arbitrator awarded LaCour's the full amount of its claim, $45,828.13; thus attorney's fees are allowable on that claim in the amount of $4,582.81. On the Riverside project, the trial court did not award LaCour's the entire amount it made a claim for, so attorney's fees were not allowable on that award. Therefore, we must amend the trial court's judgment awarding $5,000.00 in attorney's fees to LaCour's to award $4,582.81 in attorney's fees.
Regarding Brunt's allegations on appeal that he was prevented from presenting evidence at the confirmation hearing to prove that the arbitrator's award was unfair and procured through ill practices, we are unable to determine from the record or his brief exactly what testimony he was prevented from introducing. The record in this suit contains no transcript of the hearing, and the minutes from the hearing do not mention Brunt's failed attempt to offer testimony. Furthermore, Brunt failed to proffer any proposed testimony for our review. This assignment of error is without merit.

DECREE
For the above reasons, we amend the trial court judgment to award $4,582.81 in attorney's fees, and as amended, we affirm this judgment. Costs of this appeal are to be shared equally by Brunt and F & D.
AMENDED, AND, AS AMENDED, AFFIRMED.
DOWNING, J., concurs without reasons.
NOTES
[1] The total cost of the arbitration was $1,950.00
[2] Brunt was initially granted a suspensive appeal, but that appeal was converted to a devolutive appeal by this court because it was not timely filed as a suspensive appeal.