CACV OF COLORADO, LLC
v.
EDWARD COSTON, III
No. 2006 CA 1460
Court of Appeal of Louisiana, First Circuit
September 19, 2007
D. MICHAEL DENDY, LOUIS L. LUSCO, II, Counsel for Plaintiff/Appellant, CACV of Colorado, LLC
EDWARD COSTON, III, Defendant/Appellee In Proper Person
Before: GAIDRY, MCDONALD, and McCLENDON, JJ.
GAIDRY, J.
This appeal arises from a motion filed by CACV of Colorado, L.L.C. ("CACV") to confirm an arbitration award against Edward Coston, III. We reverse and render.

FACTS AND PROCEDURAL HISTORY
CACV instituted these proceedings by filing a motion to confirm an arbitration award pursuant to La. R.S. 9:4209, which provides:
At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof. (Emphasis added.)
A hearing was held on the motion, at which Mr. Coston appeared and informed the court that he had taken out a $2,000.00 "loan" from a "bank in Maryland" to purchase a computer that he saw advertised on television; that he made payments on the loan from 1999 until 2004 totaling approximately $4,000.00; and that the computer stopped working after two years. Mr. Coston apparently defaulted, and his indebtedness was sold to CACV. Mr. Coston acknowledged receiving a letter regarding arbitration proceedings but stated that he did not take any action regarding the matter because he "couldn't get in touch with them by phone." Mr. Coston did not attempt at the hearing to have the award vacated, modified, or corrected in accordance with La. R.S. 9:4210 and 4211.
Although the trial court acknowledged that CACV appeared to have followed the proper procedure in seeking confirmation of the award, it denied the motion to confirm the arbitration award because the situation did not seem fair and dismissed the matter with prejudice. CACV appealed devolutively, asserting that the trial court erred in refusing to confirm the arbitration award when Mr. Coston filed no formal response to CACV's motion and did not seek to vacate, modify, or correct the arbitration award as authorized by law.

DISCUSSION
A simple reading of the plain language of the statute leads to the conclusion that the trial court erred in refusing to grant CACV's motion. The statute provides that the trial court "shall grant [an order confirming the arbitration award] unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211." (Emphasis added). When construing a law or a constitutional provision, the word "shall" is universally considered to mean mandatory. La. R.S. 1:3. The trial court simply lacked the discretion to decline to grant the order in this case. Accordingly, the trial court's judgment dismissing CACV's motion to confirm the arbitration award is reversed, and judgment is hereby rendered in favor of CACV and against Edward Coston, III in the amount of $7,289.70. Costs of this appeal are assessed to defendant, Edward Coston, III.
REVERSED AND RENDERED.
McCLENDON, J., concurs, and assigns reasons.
I reluctantly concur. Although Mr. Coston may have been entitled to some relief, and while I question the inherent fairness of this arbitration award, Mr. Coston did not follow the appropriate procedure to have the award vacated, modified, or corrected. See LSA-R.S. 9:4209. Thus, we are unable to grant him any relief.