985 So.2d 199 (2008)
JK DEVELOPMENTS, LLC
v.
AMTEK OF LOUISIANA, INC., d/b/a Amtek, Inc.
No. 2007 CA 1825.
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
Writ Denied June 20, 2008.
*200 Craig L. Kaster, Zachary, LA, for Plaintiff/Appellee, JK Developments, LLC.
David C. Fawley, Baton Rouge, LA, for Defendant/Appellant, Amtek of Louisiana, Inc.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
GUIDRY, J.
At issue in this appeal is the extent of a district court's authority to modify or vacate an arbitration award pursuant to La. R.S. 9:4210, et seq. In this case, Amtek of Louisiana, Inc., d/b/a Amtek, Inc. (Amtek), the original defendant contractor, sought to vacate or modify an arbitration award that ordered it to pay the original plaintiff/owner of the project at issue, JK Developments, Inc. (JK), approximately $10,000.00 for damage repair for work not properly completed, arbitration costs in the amount of $5,000.00, attorney fees in the amount of $7,367.50, and interest in the amount of $47,700.00 on a loan taken out by JK to fund Amtek's work on the project The award also ordered JK to pay Amtek a total of $22,500.00 for certain work performed by Amtek on the site.
Amtek objected to the award on the basis that there was no legal or contractual authority for the award of attorney fees. Amtek objected to the award of interest because it was interest on a loan from which Amtek had not received any payments, and because Amtek was unable to begin or complete the work pursuant to the contract, due to delays in the issuance of required permits.
The trial court modified the award in favor of Amtek, vacating the award for attorney fees, but declined to modify the award for interest on the loan. Amtek appeals that portion of the judgment which declined to vacate the interest award.[1]

APPLICABLE LAW
The applicable law is clear and straightforward. Louisiana Revised Statutes 9:4210 directs a trial court to vacate an arbitration award upon the application of any party to the arbitration under four listed situations:
A. Where the award was procured by corruption, fraud, or undue means.

*201 B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Louisiana Revised Statutes 9:4211 likewise directs a trial court to modify or correct an award in three listed situations:
A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
The Louisiana jurisprudence applying the foregoing provisions reflects a strict adherence to the exclusive and very limited authority for judicial modifications of arbitration awards. These cases also reveal the underlying reasoning therefor. In St. Tammany Manor, Inc. v. Spartan Building Corporation, 509 So.2d 424 (La.1987), our supreme court reiterated that an arbitration award may only be challenged on the grounds listed in La. R.S. 9:4210 and 4211, and specified that "[t]hose grounds do not include errors of law or fact," which are insufficient to invalidate an award fairly and honestly made. Id. at 427. As explained in National Tea Co. v. Richmond, 548 So.2d 930, 933 (La.1989):
Arbitration is a substitute for litigation. The purpose of arbitration is settlement of differences in a fast, inexpensive manner before a tribunal chosen by the parties. That purpose is thwarted when parties seek judicial review of an arbitration award.
(Citations omitted).
Because of the strong public policy favoring arbitration, arbitration awards are presumed to be valid. Errors of fact or law do not invalidate a fair and honest arbitration award. Therefore, misinterpretation of a contract by an arbitration panel is not subject to judicial correction. Judges are not entitled to substitute their judgment for that of the arbitrators chosen by the parties.
Id. at 932-33 (Citations omitted).
Moreover, it also is well-settled that a court ordinarily does not sit in an appellate capacity to an arbitration panel, but confines its determinations to whether there exists one or more of the specific grounds for impeachment as provided for by statute. MMR-Radon Constructors, Inc. v. Continental Insurance Company, 97-0159, p. 7 (La.App. 1st Cir.3/3/98), 714 So.2d 1, 5, writ denied, 98-1485 (La.9/4/98), 721 So.2d 915.
Louisiana's Arbitration Law, and particularly the provisions cited above and at issue herein, mirror the Federal Arbitration Act, which provides identical statutory situations when a district court shall vacate an arbitration award. See 9 U.S.C.A. §§ 10-11. Based thereon, the federal jurisprudence also reflects an "extraordinarily narrow" judicial review of arbitration awards. See Berk-Cohen Associates, L.L.C. v. Orkin Exterminating Co., 264 F.Supp.2d 448, 451 (E.D.La.2003). This *202 approach was echoed by the United States Supreme Court in Major League Baseball Players Association v. Garvey, 532 U.S. 504, 509, 532 U.S. 1015, 121 S.Ct. 1724, 1728, 149 L.Ed.2d 740 (2001) (per curiam): "When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's `improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award." The Court also reiterated that "even `serious error' on the arbitrator's part does not justify overturning his decision, where . . . he is construing a contract and acting within the scope of his authority." Id. 532 U.S. at 510, 121 S.Ct. at 1729.
However, and notwithstanding the foregoing, the Federal Fifth Circuit has recognized, in addition to the listed statutory grounds, at least three non-statutory grounds as a basis for a district court to review an arbitration award, including: (1) the arbitrator's manifest disregard for the law; (2) an arbitrary and capricious award; and (3) the award's failure to draw its essence from the underlying contract. Berk-Cohen, 264 F.Supp.2d at p. 451, citing Williams v. Cigna Financial Advisors Inc., 197 F.3d 752, 758 (5th Cir.1999). This approach, of adding jurisprudential grounds for modifying or vacating arbitration awards, which in our opinion is violative of the exclusivity of the arbitration laws, has been adopted, at least in part, by the fifth, fourth, and third circuits in Louisiana. In Robert S. Robertson, Ltd. v. State Farm Insurance Companies/State Farm Fire and Casualty Companies, 05-435, p. 5 (La.App. 5th Cir.1/17/06), 921 So.2d 1088, 1091, the fifth circuit court of appeal stated that in addition to the statutory grounds listed in La. R.S. 9:4210 and 4211, "a litigant may attack the arbitration award on the basis of `a manifest disregard of the law,' a judicially created ground for vacating an arbitration award." Citing cases from both the third and fourth circuits,[2] the fifth circuit explained that "this refers to an error by the arbitration judge which is obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator." Id.
Our careful review of the reported jurisprudence reveals that this circuit has generally adhered to the exclusivity of the statutory provisions and has not embraced the additional "jurisprudentially created" circumstance as a legal basis for modifying or vacating an arbitration award. See MMR-Radon Constructors, Inc., supra; see also National Building and Contracting Company, Inc. v. Lafourche Parish Police Jury, 381 So.2d 867, 868 (La.App. 1st Cir.), writ denied, 385 So.2d 268 (La.1980) (in which this court reiterated and applied the general principle that "[a]n arbitration award may be challenged only on grounds specified by statute.") (Emphasis added); Woodrow Wilson Construction Company, Inc. v. MMR-Radon Constructors, Inc., 96-0618, p. 3 (La.App. 1st Cir.12/20/96), 684 So.2d 1125, 1127, writ denied, 97-0152 (La.3/7/97), 689 So.2d 1379; and Congregation of Holy Family Catholic Church v. Mickey Construction Company, Inc., 500 So.2d 802, 803 (La.App. 1st Cir.1986) (wherein this court again confirmed that it is well-settled jurisprudentially that an arbitration award may be challenged only on *203 the grounds specified in the statute.)[3]
Finally, in the two most recent cases decided by this circuit concerning the modification of arbitration awards, although the issues raised were not the same, the decisions further reflect the first circuit's adherence to the narrow authority and exclusive nature of the statutes governing the modification of arbitration awards. See LaCour's Drapery Company, Inc. v. Brunt Construction, Inc., 05-1352 (La. App. 1st Cir.6/28/06), 939 So.2d 424, writ denied, 06-2324 (La.12/8/06), 943 So.2d 1091; CACV of Colorado, LLC v. Coston, 06-1460 (La.App. 1st Cir.9/19/07), 963 So.2d 1106, 2007 WL 2769669 (unpublished opinion).
We see no reason to deviate from our consistent line of jurisprudence of strict adherence to the statutory mandates. As noted by the supreme court in Firmin v. Garber, 353 So.2d 975, 978 (La.1977), "[t]o hold otherwise would defeat the purpose of arbitration: the speedy resolution of disputes outside the court system."
Accordingly, we review the basis of Amtek's motion to vacate or modify the award in this case within the very limited framework of La. R.S. 9:4210 and 4211.

APPLICATION OF LEGAL PRINCIPLES
Amtek sought to vacate the award, pursuant to La. R.S. 9:4210(D), asserting that by ordering it to pay JK interest on the loan, the "arbitrators so exceeded their powers or imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." Similarly, Amtek sought a modification of the award pursuant to La. R.S. 9:4211(A), asserting the interest award amounted to "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award." On appeal, however, Amtek merely cites these statutory provisions without making any argument that would factually relate the conduct or decision of the arbitrators to these provisions.[4] Instead, Amtek presents the same substantive arguments related to the merits of whether the arbitrators had a contractual or legal basis for awarding the payment of interest based on the facts and circumstances presented: that JK never made any payments from the loan to Amtek for the work provided; that JK terminated the contract early (less than two months after the permit allowing work to begin was issued) and never hired another contractor to complete the work; and that JK failed to mitigate its damages. Despite Amtek's efforts to couch these arguments in terms of a "material miscalculation of figures" upon which a modification is allowed pursuant to La. R.S. 9:4211(A), such a miscalculation is simply not present here. Likewise, pursuant to La. R.S. 9:4210(D), the arbitration award *204 in this matter was final and definite, and it covered the subject matter (i.e., the parties' contractual obligations) submitted to arbitration. Accordingly, even if we were to disagree with the decision on the merits, the arbitrators did not exceed or imperfectly execute their powers in this matter. To hold otherwise would expand the remedy available by statute and allow judicial intervention into arbitration. As cautioned by our supreme court in Firmin, 353 So.2d at 978, this would "defeat the purpose of arbitration: the speedy resolution of disputes outside the court system."

CONCLUSION
Accordingly, we find no merit in this appeal. The judgment of the trial court declining to vacate or modify the arbitration award of interest hereby is affirmed. As noted earlier, the portion of the trial court's judgment vacating the award of attorney fees has not been appealed, the propriety thereof is not before us, and it, too, is affirmed. Costs of this appeal are assessed to Amtek of Louisiana, Inc.
AFFIRMED.
HUGHES, J. concurs.
NOTES
[1] JK, appellee, did not answer the appeal or file a brief in opposition. Therefore, the trial court's modification of the arbitration award by vacating the award for attorney fees is final, and the propriety thereof is not before us.
[2] See Louisiana Physician Corp. v. Larrison Family Health Center, L.L.C., 03-1721, p. 2 (La.App. 3rd Cir.4/7/04), 870 So.2d 575, 577; Welch v. A.G. Edwards & Sons, Inc., 95-2085, p. 6 (La.App. 4th Cir.5/15/96), 677 So.2d 520, 524; Colchoneria Jiron, S.A. v. Blumenthal Print Works, Inc., 629 So.2d 1288, 1290 (La. App. 4th Cir.1993), writ denied, 94-0145 (La.3/11/94), 634 So.2d 391.
[3] Cf. In re Arbitration Between U.S. Turnkey Exploration, Inc. and PSI, Inc., 577 So.2d 1131, 1134 (La.App. 1st Cir.), writ denied, 580 So.2d 676 (La. 1991), one instance in which this court recognized that a jurisprudentially created ground for vacating an arbitration award on the basis of "manifest disregard of the law" had been developed by the federal courts and had been accepted by certain Louisiana courts, citing cases from the third and fourth circuits. Nevertheless, it appears the court analyzed the arbitrator's decision under the "manifest disregard of the law" standard, but found that this additional ground had not been proven.
[4] Amtek also cites the third, fourth, and fifth circuit cases discussed earlier herein, which adopted an additional jurisprudentially created ground for modifying the award, "manifest disregard of the law," and argues that the interest award was made in manifest disregard of the law. For reasons already detailed, we decline to follow this jurisprudence.