# STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

## DOCKET NUMBER
## 2021 CA 0981


## ALLEN D. DeARMOND

## VERSUS

## E. JACOB CONSTRUCTION, INC.


Decision Rendered: __APR 0 8 2022__


\* \* \* \* \* \* \*

## APPEALED FROM THE
### 19th JUDICIAL DISTRICT COURT, SECTION 24
### EAST BATON ROUGE PARISH, LOUISIANA
### DOCKET NUMBER 689,599

### HONORABLE DONALD R. JOHNSON, JUDGE

\* \* \* \* \* \* \*

John Dale Powers
Andrew P. Sellers, Jr.
Baton Rouge, Louisiana

Attorneys for Plaintiff/Appellant
Allen D. DeArmond


Nancy A. Richeaux
Sharon B. Kyle
Steven K. Schilling
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee
E. Jacob Construction, Inc.

## BEFORE: McDONALD, LANIER, and WOLFE, JJ.

**McDONALD, J.**

Allen D. DeArmond appeals a judgment confirming an arbitration award in favor of E. Jacob Construction, Inc. (EJC). After review, we reverse the trial court judgment, modify the May 25, 2020 arbitration award, and render judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2018, Mr. DeArmond and EJC entered a contract whereby EJC agreed to repair flood-related damages to a house Mr. DeArmond owned in Baton Rouge, Louisiana. The original contract price was $56,758.20, to be paid in five installments based on completion progress. Mr. DeArmond paid EJC two installments of at least $27,210.00. After EJC allegedly refused to complete punch list items, Mr. DeArmond did not pay the remaining three installments, leaving an unpaid balance of $29,548.20. EJC then filed a lien against the project.

After EJC refused to remove the lien, Mr. DeArmond filed this breach of contract suit against EJC. EJC answered the petition and filed a reconventional demand against Mr. DeArmond for the remaining $29,548.20. In May 2020, the parties signed a Settlement Agreement agreeing to retain Jerry Householder, an engineer (the Arbitrator), to arbitrate their dispute. The Settlement Agreement pertinently provided:

> 1) In order to avoid the inherent risks and uncertainties of litigation the Parties hereby settle all of their respective claims and irrevocably bind themselves to the following ... :
>
> Jerry L. Householder, P.E.[,] shall be retained at the parties' mutual and equal cost to inspect the Property, the contract between the parties, contract accounting, and the inspection report prepared by William H. Cress, Jr., A.I.A. ("Cress Report"). After said inspection(s), Dr. Householder shall determine:
>
> > A. Whether the alleged defects or deficiencies identified in the Cress Report ("Items") comply with industry standards and/or whether same were included in [EJC's] scope of work;
> >
> > B. For any item not in compliance with industry standards, whether same is included in EJC's scope of work and should therefore result in a credit to [DeArmond] and if so, the value of that credit;
> >
> > C. Whether [DeArmond] is due any credit for work not performed and the value of same; and
> >
> > D. Given all of the above, the amount of the payment, if any, [DeArmond] shall pay to [EJC] for the value of work performed. Or, if applicable, the amount of any payment [EJC] shall make to [DeArmond] to correct or complete items in [EJC's] scope of work.
>
> Said independent determination by Dr. Householder shall be binding on both parties.

2

According to the parties, the Arbitrator conducted an on-site arbitration hearing at the house that was the subject of the dispute. On May 25, 2020, the Arbitrator wrote a letter to counsel for both parties setting forth his decision. He noted that the undisputed unpaid balance was $29,548.20, before adjustments for deficiencies or incomplete work. He addressed eight punch list items identified by Mr. DeArmond. He found in EJC's favor on all but two of the items. The Arbitrator reduced the $29,548.20 unpaid balance by $860.00 for those two items, awarded EJC $10,000.00 in attorney fees, and $1,830.00 in interest on unpaid invoices, resulting in a final award in EJC's favor, and against Mr. DeArmond, of $40,598.20.[1]

On June 9, 2020, pursuant to the Louisiana Arbitration Law, La. R.S. 9:4210, *et seq.,* Mr. DeArmond filed a Motion to Vacate, Modify, or Correct Arbitration Award, claiming the Arbitrator was evidently partial or had so imperfectly executed his powers that a mutual, final, and definite award was not made. EJC responded with a Motion to Confirm Arbitration Award, contending none of the exclusive statutory grounds for vacating, modifying, or correcting the award existed. The trial court held a hearing on the motions, and at the hearing's conclusion, directed the parties to submit proposed findings of fact and conclusions of law. After those submissions, the trial court signed a judgment on June 7, 2021, denying Mr. DeArmond's motion, granting EJC's motion, and confirming the Arbitrator's May 25, 2020 arbitration award.

Mr. DeArmond appealed from the adverse judgment. After the appeal was lodged, this court issued an interim order instructing the trial court to sign an amended judgment and to attach the arbitration award. The trial court complied; thus, this court supplemented the appellate record with the amended judgment, and maintained the appeal.

On appeal, Mr. DeArmond contends the trial court erred in confirming the arbitration award. He claims the Arbitrator's award should be vacated because: (1) the award shows evident partiality; (2) the Arbitrator exceeded his powers in awarding EJC attorney fees under the Louisiana Open Account Statute and in awarding ECJ interest on unpaid invoices; and, (3) the award shows a material mathematical miscalculation.

---

[1] We address a mathematical error in the award later in this opinion.

3

## LOUSIANA ARBITRATION LAW

As a matter of public policy, Louisiana strongly favors arbitration; thus, arbitration awards are presumed valid. *Crescent Prop. Ptrs., LLC v. American Mfrs. Mut. Ins. Co.,* 14-0969 (La. 1/28/15), 158 So.3d 798, 803. A court may vacate, modify, or correct an arbitration award based only on the exclusive grounds specified in La. R.S. 9:4210 and 4211, which do not include errors of law or fact. *Id.* at 803-04. Of relevance here, under La. R.S. 9:4210B and D, the trial court shall vacate an arbitration award where the arbitrator was evidently partial or corrupt, or where the arbitrator exceeded his powers or so imperfectly executed them that he did not make a mutual, final, and definite award upon the subject matter.[2] And, under La. R.S. 9:4211A, a trial court shall modify or correct an arbitration award where the award contains an evident material miscalculation of figures. A court, however, is not entitled to substitute its judgment for that of the arbitrator chosen by the parties. *Crescent Prop. Ptrs., LLC,* 158 So.3d at 803. Rather, a court's determination is limited to whether the party challenging the award has proven one or more of the specific statutory grounds for invalidation. *Id.* at 804; *St. George Fire Prot. Dist. No. 2 v. J. Reed Constr., Inc.,* 17-1006 (La. App. 1 Cir. 2/20/18), 243 So.3d 145, 148. An appellate court conducts a *de novo* review of a trial court judgment confirming or vacating an arbitration award. *Goodrich Petroleum Co., LLC v. MRC Energy Co.,* 13-1435 (La. App. 4 Cir. 4/16/14), 137 So.3d 200, 207.

### Evident Partiality

Mr. DeArmond first contends we should vacate and/or modify the arbitration award because the Arbitrator's adverse decision regarding several items on the punch list shows he was evidently partial. Specifically, Mr. DeArmond challenges the Arbitrator's decision in favor of ECJ regarding the installation of cabinet doors, alleged uninstalled hardware and switch plates, and a missing microwave hood/vent.

To constitute evident partiality, it must clearly appear that the arbitrator was biased, prejudiced, or personally interested in the dispute. *Firmin v. Garber,* 353 So.2d 975, 978

---

[2] While other circuit courts have adopted a "manifest disregard for the law" as an additional basis for vacating an arbitration award, this court has adhered to the statutory standard established by La. R.S. 9:4210. *Bergeron v. Patel,* 16-0600 (La. App. 1 Cir. 5/17/17), 2017 WL 2170142, *4, n.3, and cases cited therein.

(La. 1977). Proof of evident partiality requires more than an appearance of bias. A challenging party must show that a reasonable person would have to conclude that an arbitrator was partial to the other party to the arbitration. *In re Arbitration Between U.S. Turnkey Expl., Inc. & PSI, Inc.,* 577 So.2d 1131, 1135 (La. App. 1 Cir. 1991). After our *de novo* review of the record, we conclude Mr. DeArmond has failed to produce evidence showing that a reasonable person would have to conclude that the Arbitrator was evidently partial to ECJ. The fact that the Arbitrator ruled against Mr. DeArmond on the punch list items is not evidence that he was partial to ECJ. *See Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, Intern. Union,* 500 F.2d 921, 923 (2nd Cir. 1974) and *DeVore v. IHC Hospitals, Inc.,* 884 P.2d 1246, 1257 (Utah 1994) (both cases noting that an arbitrator's conclusions in the winning party's favor do not establish partiality); *also see Crescent Prop. Ptrs., LLC,* 158 So.3d at 808 (explaining that an arbitrator is not guilty of misconduct merely because he could have rendered a different award). And, even if the Arbitrator's decision included legal or factual errors as to the punch list items, such grounds do not merit vacating his award. *Id.,* 158 So.3d at 804; *also see Mack Energy Co. v. Expert Oil and Gas, LLC,* 14-1127 (La. 1/28/15), 159 So.3d 437, 442. The parties agreed to be bound by the Arbitrator's decision regarding their dispute, and this court may not substitute its judgment for the Arbitrator's judgment. *Crescent Prop. Ptrs., LLC,* 158 So.3d at 803. This assignment of error is without merit.

## Attorney Fees and Interest

Mr. DeArmond also contends the Arbitrator exceeded his powers by awarding ECJ attorney fees and interest on unpaid invoices.

Regarding attorney fees, it is undisputed that neither the parties' contract nor their Settlement Agreement provided for the recovery of attorney fees by a prevailing party. However, attorney fees may be awarded if allowed by statute. In his award, the Arbitrator awarded $10,000.00 in attorney fees to ECJ under the Louisiana Open Account Statute, La. R.S. 9:2781, *et seq.*

Louisiana Revised Statutes 9:2781D defines an open account as "any account for which a part or all of the balance is past due, whether or not the account reflects one or

5

more transactions and whether or not at the time of contracting the parties expected future transactions." If a debtor fails to pay an open account within 30 days after the claimant sends written demand therefor correctly setting forth the amount owed, the debtor "shall be liable to the claimant for reasonable attorney fees ... when judgment on the claim is rendered in favor of the claimant." La. R.S. 9:2781A. Citation and service of a petition shall be deemed written demand for the purpose of La. R.S. 9:2781A.

Under the plain reading of La. R.S. 9:2781D, there is no requirement that there must be more than one transaction between the parties, nor is there any requirement that the parties anticipate future transactions. *Frey Plumbing Co., Inc. v. Foster,* 07-1091 (La. 2/26/08), 996 So.2d 969, 972 *(per curiam).* Under *Frey,* which directs us to apply the language of La. R.S. 9:2781D as written, an open account includes "any account" and nowhere in the statute are construction accounts or contracts specifically excluded. *Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.,* 20-0040 (La. App. 1 Cir. 12/10/20), 316 So.3d 509, 513-14; *SBL Constr., LLC v. Eymard,* 18-1691 (La. App. 1 Cir. 11/12/19), 289 So.3d 1079, 1083; *R.L. Drywall, Inc. v. B & C Elec., Inc.,* 13-1592 (La. App. 1 Cir. 5/2/14), 2014 WL 3559390, *5-6.

In this case, ECJ filed a reconventional demand (deemed a "written demand" under La. R.S. 9:2781A) against Mr. DeArmond alleging he owed ECJ a past due contractual balance of $29,548.20, and Mr. DeArmond did not pay ECJ within 30 days of that written demand. The Arbitrator reduced the amount demanded by $860.00, due to defective or incomplete work involving painting and a cabinet door, resulting in an award to ECJ for $28,688.20. Under a plain reading of La. R.S. 9:2781, as interpreted by *Frey* and its progeny, when the Arbitrator rendered that judgment in ECJ's favor, Mr. DeArmond became liable to ECJ for reasonable attorney fees under La. R.S. 9:2781A. Accordingly, the Arbitrator did not exceed his powers by awarding ECJ reasonable attorney fees under the Louisiana Open Account Statute.

Regarding the interest award, the Arbitrator's decision states, "I calculate that the interest on the unpaid invoices [is] $1,830.00." Mr. DeArmond contends the Arbitrator exceeded his powers in awarding interest, because the parties' contract did not provide for

6

such, the Arbitrator gave no statutory authority for the interest award, nor did he give authority for his reliance on "unpaid invoices" to calculate interest when the agreed upon price was based on a contract, not invoices.

As earlier noted, a court may vacate, modify, or correct an arbitration award based only on the exclusive grounds specified in La. R.S. 9:4210 and 4211, and those grounds do not include errors of law or fact. *Crescent Prop. Ptrs., LLC,* 158 So.3d at 803-04. In their Settlement Agreement, the parties agreed that the Arbitrator would evaluate their respective claims and determine the amount Mr. DeArmond owed EJC "for the value of the work performed" or, conversely, the amount EJC owed Mr. DeArmond "to correct or complete items in [EJC's] scope of work." In fulfilling his duty, the Arbitrator found Mr. DeArmond owed EJC and apparently determined that the "value of the work EJC performed" included interest on unpaid invoices. Even in the absence of a contractual or statutory provision authorizing such, and even if an error of law or fact, the Arbitrator's interest award does not meet one of the exclusive grounds for vacating, modifying, or correcting an arbitration award specified in La. R.S. 4210 and 4211. *See St. Tammany Manor, Inc. v. Spartan Bldg. Corp.,* 509 So.2d 424, 427 (La. 1987) (even if arbitrator incorrectly applied law as to when interest should accrue, such is insufficient to invalidate an award fairly and honestly made); *JK Developments, LLC v. Amtek of La., Inc.,* 07-1825 (La. App. 1 Cir. 3/26/08), 985 So.2d 199, 203-04 (affirming judgment that declined to vacate arbitrator's interest award). To hold otherwise would expand the remedy available by statute and defeat the purpose of arbitration. *JK Developments, LLC,* 985 So.2d at 204. This assignment of error is without merit.

### Material Mathematical Miscalculation

Mr. DeArmond next argues that the arbitration award contains a material miscalculation in the amount awarded to ECJ. Under La. R.S. 9:4211A, a court is required to modify or correct an arbitration award containing an evident material miscalculation of figures. As earlier stated, the Arbitrator reduced the $29,548.20 unpaid balance by $860.00 for two items, awarded EJC $10,000.00 in attorney fees, and $1,830.00 in interest on unpaid invoices, and then awarded EJC $40,598.20. At the hearing on this matter, EJC's counsel

7

conceded that the above amounts total $40,518.20, not $40,598.20, which is a difference of $80.00.

When a court confirms, modifies, or corrects an arbitration award, it may enter judgment in conformity therewith. *See* La. R.S. 9:4212. Accordingly, we modify the arbitration award to correct the evident mathematical error and to render judgment accordingly, under La. R.S. 9:4212, for the correct amount of $40,518.20 ($29,548.20, less $860.00, plus $10,000.00, plus $1,830.00). *See King Co., Ltd. P'ship v. MBD Const. Co., Inc.,* 10-0902 (La. App. 1 Cir. 10/29/10), 2010 WL 4273003, *7.

## CONCLUSION

For the above reasons, we reverse the trial court judgment. We modify the Arbitrator's May 25, 2020 award to correct a mathematical error. We render judgment in favor of ECJ, and against Allen D. DeArmond, for $40,518.20. We assess costs of the appeal to Allen D. DeArmond.

**TRIAL COURT JUDGMENT REVERSED; ARBITRATOR'S MAY 25, 2020 AWARD MODIFIED; JUDGMENT RENDERED.**